Walling's Case.

In the matter of the assessment of damages on the bond given by John L. Walling, as guardian of three of his minor children.

1. A ward, whose estate was small, lived with his father, who was the guardian. The father never, during his lifetime, made any charge against the ward for his maintenance.—*Held*, that sureties of the guardian cannot obtain an allowance therefor in a suit on their bond.

2. A guardian was appointed in 1860; his youngest ward came of age in 1871, and the guardian became insolvent in 1872 or 1873.—*Held*, that the ward's omission to sue the surety or his administrator, until 1880, did not prevent his recovery.

*Mr. D. H. Applegate*, for the wards.

*Mr. G. C. Beekman*, for administrators of surety.

The Ordinary.

In 1860, John L. Walling was appointed by the orphans court

---

Note.—A guardian may expressly agree not to charge anything for the support of his ward, *Manning* v. *Baker, 8 Md. 44; Bradford* v. *Bodfish, 39 Iowa 681; Hooper* v. *Royster, 1 Munf. 119.* But see *Keith* v. *Miles, 39 Miss. 442; Armstrong* v. *Walkup, 9 Gratt. 372, 12 Gratt. 608.*

A gratuitous remark by a guardian, that he would not charge his ward for board, is not obligatory on him, *Cunningham* v. *Pool, 9 Ala. 615; Alsop* v. *Barbee, 14 B. Mon. 526.*

If a child has been supported without any expectation of charging therefor no recovery can be obtained by the adult afterwards changing his intention, *Folger* v. *Heidel, 60 Mo. 285; Dow* v. *Whipple, 2 Mass. 418; Crosby* v. *Crosby, 1 Rich. (N. S.) 337; Evans* v. *Pearce, 15 Gratt. 513; Webster* v. *Wadsworth, 44 Ind. 283; Chapline* v. *Moore, 7 Mon. 163.* See *Bond* v. *Lockwood, 33 Ill. 212; Harland's Accounts, 5 Rawle 323.*

If a guardian of minors loans money to their mother on her promising him to charge them for their support, and to give him the benefit of such charges, which she afterwards refuses to do, he can obtain no allowance therefor, *Wykoff* v. *Hulse, 5 Stew. Eq. 697.*

If a child sues the administrator of its mother for money received by her, in her lifetime, as guardian, the administrator cannot set up a claim for maintenance, when there is no evidence that the mother ever intended to charge therefor, *Guion* v. *Guion, 16 Mo. 48; Cummins* v. *Cummins, 8 Watts 366; Presley* v. *Davis, 7 Rich. Eq. 195; Edwards* v. *Durgen, 19 Grant's Ch. 101;*

of Middlesex county guardian of three of his minor children, and gave bond with David Hulit, now deceased, as surety. The youngest of the children came of age in the fall of 1871. · The guardian became insolvent about 1872 or 1873. In 1880, on the application of the wards, suit was brought on the bond in the name of the ordinary, and judgment recovered for the amount of the penalty. The administrators of the surety insist that the support of the wards during minority should be allowed in estimating the damages. The estate of each of the wards was only about $216. The guardian, their father, was able to maintain them during all the period of their wardship, and it was his duty to do so. He would be entitled to no allowance therefor, under the circumstances, at law. Nor would he be in equity, for it is a settled principle of the court of chancery not to allow maintenance on behalf of infants out of their property unless it will be for their benefit to order an allowance. And it is not for their benefit to direct an allowance out of their general estate, where they have any other sufficient provision for their maintenance, or a right which can be enforced to demand it from

---

*Martin* v. *Foster, 38 Ala. 688*. See *Ambler* v. *Macon, 4 Cal. 605; Brazill* v. *Brazill, 11 Grant's Ch. 253; Petit's Appeal, 39 Pa. St. 324.*

Where the wards are invited by their guardian to live with him gratuitously, neither his administrator nor his bondsman can afterwards set up a claim for their maintenance, *McDowell* v. *Caldwell, 2 McCord's Ch. 43.*

Where children were educated by their father, who is also their guardian, and he had ample means then to educate them, but became insolvent afterwards, his assignee cannot present a claim against them or their estate for the cost of their education, *Walker* v. *Crowder, 2 Ired. Eq. 478.*

Where a father is also guardian of his son, and makes no charge for tuition or support, his surety, in a suit on the guardianship bond, can make none, *Pratt* v. *McJunkin, 4 Rich. 5; Myers* v. *Appleton, 45 Ind. 160.* See *State* v. *Clark, 16 Ind. 97; Fuselier* v. *Babineau, 11 La. An. 393; State* v. *Hull, 53 Miss. 626.*

A father, who was also guardian of his two children, maintained and educated them at his own expense, and made no charge therefor. At the time of his death his estate was ample to satisfy all of his liabilities, but it became insolvent afterwards.—*Held*, that one of his creditors could not charge against the children or their estate, the moneys expended for them by their father, *Griffith* v. *Bird, 22 Gratt. 73; Humphrey* v. *Humphrey, 79 N. C. 396.* But see *Alsop* v. *Barbee, 14 B. Mon. 522.*

Where a stepfather was appointed guardian, and had maintained his ward

Walling's Case.

other sources. The court, therefore, will not direct an allowance to the father of the infants out of their estate, where he is of sufficient ability to maintain and bring them up without it in reference to their situation and prospects in life, having a due regard to the claims of others upon his bounty. *Matter of Kane, 2 Barb. Ch. 375.*

In the case in hand the father makes no charge for maintenance, and never intended to make any, but the claim is made on behalf of the surety's estate. There is no ground for allowing it.

Further, the administrators insist that the surety's estate is discharged by reason of the failure of the wards for so long a time after they came of age to prosecute their father for the money due them. But the mere omission to prosecute the principal will not discharge the surety. There should be execution for the amount of the money received by the guardian, with interest, crediting the payments proved.

---

in his family before his appointment, neither he nor his sureties can, in an action on their bond, set up a release given by the ward's husband for property of the ward sold by the guardian, the proceeds of which he claimed had been expended for her support, and for which the release had been given, *Barnes* v. *Ward, Bush. Eq. 93.* See *Freeman* v. *Tucker, 20 Ga. 6.*

Sureties cannot be held liable for the value of services rendered by the ward to the guardian, but if the guardian has charged the ward for support &c., and not credited him with the value of his services, the sureties are liable for the amount of such improper items, *Phillips* v. *Davis, 2 Sneed 520.* See *Armstrong* v. *Walkup, 12 Gratt. 608.*

What proofs are necessary to establish a claim for the *past* maintenance of a ward, where no claim was asserted at the time, *Reeves* v. *Brymer, 6 Ves. 425; Anderson* v. *Partington, 3 Bro. C. C. 60; Bruin* v. *Knott, 1 Phill. 572; Stopford* v. *Canterbury, 11 Sim. 82; Bond's Case, 2 Myl. & K. 439; Sherwood* v. *Smith, 6 Ves. 454; Maberly* v. *Turton, 14 Ves. 499; Carmichael* v. *Hughes, 6 E. L. & E. 71; Darlington's Case, 1 Ball & B. 240; Fielder* v. *O'Hara, 16 Grant's Ch. 610; Welch* v. *Burris, 29 Iowa 186; Otte* v. *Becton, 55 Mo. 99; Kane's Case, 2 Barb. Ch. 375; Riddle* v. *Riddle, 5 Rich. Eq. 31; Smith* v. *Geortner, 40 How. Pr. 185; Brandon* v. *Brandon, 4 T. & C. (N. Y.) 385; Swift* v. *Swift, 40 Cal. 456, 47 Cal. 629; Rolfe* v. *Rolfe, 15 Ga. 451, 20 Ga. 325; Ponder* v. *Foster, 23 Ga. 489; Cook* v. *Rainey, 61 Ga. 452; Janet* v. *Andrews, 7 Bush 312; State* v. *Cook, 12 Ired. 67.*—Rep.