Burton S. Sherman, J.
This is a petition brought pursuant to CPLR 1206 by the father of an infant seeking to withdraw $125 of the moneys on deposit, $598.61, of the settlement of the infant’s personal injury action. The money is said to be sought for the purchase of clothing for the infant.
While the granting of the relief sought is within the discretion of the court, the law has established guide lines to aid in exercising such discretion. (For an excellent discussion see 2 Weinstein-Horn-Miller, N. Y. Civ. Prac., par. 1206.03.) For *1038 this reason this case would present no unusual problem except that the Department of Social Services has apparently joined in this application. This'last statement is qualified because of two letters from the department addressed to the court. The first requests that action be withheld pending review and evaluation by the Social Services Center of the need for the items for which withdrawal is requested. The second form letter from Social Services merely states laconically, “ that we have no objection to the approval for the withdrawal of the amount requested in the application”. From this the court assumes that the department does not object to the granting of relief because after investigation it feels that it would be in the best interest of the child to receive such funds. In any case, it is suggested that in the future the Department of Social Services make its position clear with specificity if it intends to be of aid to the court in making its disposition.
The facts are that in 1968, the court approved the settlement of the infant’s personal injury claim and directed the proceeds namely $490 to be deposited in an infant’s account. The instant application by the father seeks $100 for the infant and a $25 attorney fee for the services rendered in this proceeding. He states that he and his wife are unemployed and are welfare recipients. The infant, age 14, is the oldest of six children and a student. The money is sought for clothing for school. It appears that the injuries were not permanent in nature and it must be assumed that the department is familiar with the financial condition of the family and joins in this application because of the infant’s needs. While the court is sympathetic with the family’s plight, funds from the settlement of an infant’s personal injury action are meant to mitigate the child’s injury so that he will be in a better economic position when he reaches his majority. The withdrawal is not sought for an extraordinary purpose but for everyday necessities. Nor is there any guarantee that the money will not be used for all of the infant’s other brothers and sisters who presumably are in the same straits. The furnishing of necessities is the parents’ responsibility and if they are unable to assume it, then the responsibility of the Department of Social Services. (Social Services Law, § 131.) An infant cannot be expected to relieve the department of its responsibility by supplementing his requirements for the bare necessities of life with the settlement of his personal injury action. (Matter of Woods, 32 Misc 2d 745.)
As stated in Gaffney v. Constantine (87 N. Y. S. 2d 131, 132) “ This court is the guardian of [the] child’s fund and when the *1039 child reaches twenty-one, he has a right to expect to receive the money awarded to him for his injury with interest and not a bundle of court orders showing that his funds were spent for ordinary necessities of life which others were obligated by law to furnish him ”. The application is denied.