OPINION OF THE COURT
Felice K. Shea, J.
In this divorce action, defendant husband moves pursuant to CPLR 3101 (subd [a]) for an order compelling his wife to *482 disclose the income and assets of the parties’ daughters, ages 11 and 8. Both children are beneficiaries of inter vivos trusts established by their maternal grandparents. The older child is also the beneficial owner of securities purchased by her maternal grandparents and placed in a custodial account pursuant to the New York Uniform Gifts To Minors Act (EPTL art 7). Plaintiff is trustee and custodian of the children’s funds and a contingent remainderman of the trusts.
Under section 250 of the Domestic Relations Law, defendant has the right to discovery of his wife’s assets and income in a matrimonial action. As the First Department noted in Matter of Hoppl v Hoppl (50 AD2d 59), section 250 of the Domestic Relations Law, which became effective September 1, 1975, reflects the public policy of this State in favor of disclosure. Plaintiff is willing to disclose her own financial affairs. However, she resists disclosing her children’s income and assets, claiming that this information is not relevant to a determination of the child support obligations of the parties.
CPLR 3101 (subd [a]) provides: "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action”. The phrase "material and necessary” has been interpreted to mean "relevant”. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101, C310L5, p 11.)
The issue, then, is whether the assets of children should be disclosed as relevant to the measure of the parties’ child support obligations in an action for divorce. It is an issue that does not appear to have been addressed squarely by the courts.
Until recently, the obligation to support children lay primarily with their father. If the father was unavailable or unable to support his children, the mother had a secondary duty to support. (Family Ct Act, §§ 413, 414; Domestic Relations Law, § 32.) With Matter of Carter v Carter (58 AD2d 438), child support became the responsibility of both parents, to be apportioned according to their circumstances. While Carter effected a radical change in the law of support as between parents, it does not alter the long-established right of children to be supported. The cases which cast the duty of support upon the father alone must now be read to place a commensurate burden upon the mother.
In Goodman v Alexander (165 NY 289, 292), the Court of *483 Appeals stated in 1901: "That the obligation rests upon a father * * * who has the ability to do so, to support his infant children even though they have an estate of their own, and that, therefore, one who furnishes board and lodging to infants so situated cannot recover against them, is well-settled law.” Goodman was an action for necessaries, but the principle that the assets of the infant do not diminish the parental duty of support has been applied in support and matrimonial actions throughout this century. (See, i.e., Matter of Quat v Freed, 25 NY2d 645; Joachim v Joachim, 57 AD2d 546; Drazin v Drazin, 31 AD2d 531; Matter of Garcy, 19 AD2d 811; Fulde v Stone, 196 Misc 732.)
An analogous body of law governing withdrawal from a bank of the proceeds of infants’ claims deposited pursuant to CPLR 1206 is consistent with the principle that parents may not look to their children’s funds to relieve them of the duty to support. The courts, in authorizing withdrawals from infants’ trust accounts, will not treat the infant’s money as available for necessaries or for family use. Withdrawal will be permitted only on a full showing of need and that the expenditures cannot be afforded by the family. (Matter of Serrano, 75 Misc 2d 1037; Caban v Lonkey, 53 Misc 2d 171; De Marco v Seaman, 157 Misc 390.)
It might be argued that while the principal or corpus of the children’s funds should be kept intact until their majority, the income could be available for the children’s use without harm. (See, i.e., Matter of Polinsky, 33 Misc 2d 1002.) It is also possible that as a practical matter, a trial court might take account of the children’s funds as a resource for nonessential items such as private education, and that the availability of such funds might influence the level of child support. Yet, on balance, it would seem unsound to permit the assets or income of children to become a consideration in setting child support. Children have always been objects of special concern to the courts, entitled to protection from exploitation even by their parents. Absent evidence of need, children should not be forced unwittingly to use their funds or diminish their assets to support themselves.
There is no suggestion in the record before the court that the parents are unable to support the two infants. On the contrary, defendant has an income of $40,000 per year. He alleges, and it is not denied, that plaintiff purchased a cooperative apartment, has the use of a country home, and is a *484 member of a "substantial” family. Moreover, it is uncontroverted that no part of the income or corpus of the trusts has ever been used for the support of either child. Similarly, the funds in the custodial account have never been utilized to support the infant who is their beneficial owner.
Defendant’s arguement that his wife has an interest in their children’s assets which should be subject to discovery is without merit. True, under the trust instrument she may have discretion to apply the trust funds for the benefit of the children without regard to other sources of income or support. Similarly, EPTL 7-4.3 (subd [b]) authorizes a custodian to pay for the infant’s support and maintenance from funds held under the Uniform Gifts to Minors Act. But as trustee and custodian, plaintiff is a fiduciary with the duty to account to her children for the use of their funds. She may not use the children’s money for her own benefit. She is barred from using the children’s money for their support, since by reducing her child care obligations, she would receive an indirect financial advantage.
Neither can plaintiff’s interest as a contingent remainder-man of her children’s trusts affect the duty of child support. A contingent interest is speculative and confers no present benefit.
New York’s liberal policy of disclosure can only extend to facts which will be in issue at trial. Unless the parents cannot fully support their children, the children’s assets may not be considered by the trial court in determining child support. It follows that in the circumstances herein, disclosure of the children’s income and assets may not be compelled.
Accordingly, the motion is denied.