[Civ. No. 61408. Second Dist., Div. Two. Sept. 16, 1981.]

MARY A. NEWMAN, Plaintiff and Appellant, v.
STEVEN A. NEWMAN, Defendant and Respondent.

COUNSEL

Frank Sinatra III and David Smith for Plaintiff and Appellant.

Klinger & Leevan and Paul S. Leevan for Defendant and Respondent.

OPINION

COMPTON, J.—The issue raised by this appeal is whether a parent who holds property of his or her minor children as custodian under the California Uniform Gift to Minors Act, (hereafter referred to as the Act) (Civ. Code, § 1155 et seq.) may use the proceeds of that property to satisfy a court order for support of those children.

When Mary and Steven Newman were divorced in October of 1967, the interlocutory decree provided, inter alia, that Steven pay $75 a month for the support of each of the two minor children, Mark and James. Steven was also ordered to pay for the children's medical and dental expenses.

At that time there existed 5 stock certificates of the Shoe Corporation of America, representing 656 shares. These certificates were issued in the name of Steven Newman as custodian under the Act. Some 331 shares were held for Mark and 325 shares for James.

The interlocutory decree directed that Steven hold these certificates and use the dividends and income therefrom for the "health, education and welfare of the minor children."

In 1980, Mary filed an order to show cause re contempt and modification contending that Steven was $2,802 in arrears for child support and medical bills for the period July 1, 1976, to August 11, 1978. She also sought an accounting of the dividends received on the stock and an order that the certificates be delivered to her.

It was developed at the hearing that Steven had, during the period in question, paid some $4,453 but that sum came from the dividends on the stock. Steven had failed to keep any records of the dividends received. By stipulation the certificates were delivered to Mary.

The trial court found that Steven's use of the dividends to satisfy his support obligation was consistent with the terms of the interlocutory decree. The court thus determined that as against Steven's obligation to pay support and medical reimbursement of $2,802, he was entitled to a credit of $4,453 but because he had been tardy in making his contributions and had failed to keep records, he was, on equitable grounds, not entitled to a refund. Mary has appealed from this order contending that the terms of the interlocutory decree and the provisions of the Act militate against Steven's use of the dividends to satisfy the support obligation. We agree.

■ The duty of a custodian under the Act is, as that of a trustee, to hold and preserve the custodial property for the benefit of the minor. During minority, the custodial property is to be used only for the support, education and *benefit* of the minor and upon the minor's obtaining majority the property is to be paid over to that minor. (Civ. Code, § 1158.)

Civil Code section 1158, subdivision (b) provides: "The custodian shall pay over to the minor for expenditure by him, or expend for the

minor's benefit, so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor in the manner, at the time or times, and to the extent that the custodian in his discretion deems suitable and proper, with or without court order, *with or without regard to the duty of himself or of any other person to support the minor* or his ability to do so, and with or without regard to any other income or property of the minor which may be applicable or available for any such purpose." (Italics added.)

While the above quoted language gives the custodian wide discretion in determining the amount of the custodial property to be paid over during the minority period, it is quite clear that the custodian may not use the property for his own benefit or for the benefit of *his creditors.* That statute clearly recognizes that the duty of support is unrelated to the duty of a custodian.

A parent has a duty to support his or her minor children. (Civ. Code, §§ 242-243, 4700.) Even though the court has discretion to determine the contours of that obligation at any point in time, (*Primm v. Primm* (1956) 46 Cal.2d 690 [299 P.2d 231]; *Gudelj v. Gudelj* (1953) 41 Cal. 2d 202 [259 P.2d 656]) and in so doing may consider economic factors including the child's needs and the financial status of the parent (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942 [126 Cal.Rptr. 805, 544 P.2d 941]; *In re Carboni* (1941) 46 Cal.App.2d 605 [116 P.2d 453]) the duty continues to exist independent of those factors during the child's minority.

In the case at bench the trial court fixed Steven's obligation for support at $75 per month per child. That obligation was imposed on Steven in his role as a parent and not in his role as custodian of the children's property.

The language in the interlocutory decree, which provided that Steven should continue as custodian of the stock and its proceeds, merely outlined his duty as specified in Civil Code section 1158. It cannot be interpreted as authorizing Steven to use custodial property to satisfy his own *personal obligation.* To do so would violate the statutory mandate that the property be held for the *benefit of the children.*

The order is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Roth, P. J., and Beach, J., concurred.