258 N.J. Super. 24 (1992)
609 A.2d 57
NORMAN COHEN, PLAINTIFF-RESPONDENT,
v.
WENDY COHEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1992.
Decided June 29, 1992.
*25 Before Judges KING, GRUCCIO and BROCHIN.
*26 Ronald M. Abramson argued the cause for appellant (Kleeblatt, Galler & Abramson, attorneys; Ronald M. Abramson, on the brief).
Donald Friedman argued the cause for respondent (Donald Friedman, attorney; Donald Friedman and Robert A. Vort, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
This appeal arises in the aftermath of a bitter divorce and custody battle between defendant, Dr. Wendy Cohen, and plaintiff, Dr. Norman Cohen. Defendant Wendy Cohen established an account for her daughter under the New Jersey Uniform Gifts to Minors Act ("UGMA"), N.J.S.A. 46:38-13 et seq., naming herself as custodian. Plaintiff Norman Cohen, on behalf of his daughter, contested some of the custodian's expenditures from this account. The Chancery Division determined that the reimbursements which Dr. Wendy Cohen had taken from the UGMA account funds were inappropriate and ordered her to repay them to her daughter without interest. We affirm the Chancery Division's decision.
Drs. Norman and Wendy Cohen were married in 1970 and have one child, Jessica, born in 1972. They were divorced in 1976. Dr. Wendy Cohen was granted custody of Jessica pursuant to a settlement agreement which also provided that Dr. Norman Cohen would be responsible for $450.00 a month child support.
For several years, Drs. Wendy and Norman Cohen and Dr. Wendy Cohen's parents were engaged in litigating questions of custody and visitation. On September 27, 1988, a consent order was entered which terminated the case on conditions. More than a year later, Dr. Norman Cohen applied to terminate child support, sought reimbursement of child support from Dr. Wendy Cohen, and also sought an accounting for the Uniform Gifts to Minors Act account. The court directed Dr. Norman Cohen *27 to pay support directly to Jessica because she had become estranged from her mother, was no longer residing with her, and was attending college. The court also ordered Dr. Wendy Cohen to provide a full accounting for the account. She appealed the order. In an unpublished per curiam decision dated October 16, 1990, this court affirmed the Chancery Division's decision ordering an accounting. However, we reserved decision on whether Dr. Wendy Cohen should be surcharged.
Dr. Wendy Cohen submitted a formal accounting, moved to confirm it and sought attorneys' fees. Dr. Norman Cohen cross-moved for a judgment surcharging Dr. Wendy Cohen for some of the expenditures from the UGMA account. Jessica also joined in the motion by presenting her own certification contesting the expenditures. On June 4, 1991, the lower court entered an order disallowing $30,437.00 of expenditures for which Dr. Wendy Cohen had reimbursed herself from the UGMA account, denied pre-judgment interest, and denied attorneys' fees. Dr. Wendy Cohen appeals from this order. Dr. Norman Cohen has cross-appealed, arguing that Dr. Wendy Cohen should be charged interest on the expenditures which were disallowed.
All of the funds in Jessica's UGMA account had been contributed by Dr. Wendy Cohen. She established the account in 1979 for Jessica's benefit and named herself as custodian. During the next three years, she deposited $53,902.42 in the account. These funds earned approximately $21,565.00 of interest. As of February 1988, the total amount in the account was $75,485.42. Dr. Wendy Cohen used these funds for Jessica's benefit. She paid some of the money to schools and camps which her daughter attended, and she reimbursed herself from the UGMA account for other items of her daughter's support and for attorney's fees incurred in the litigation with her parents and husband contesting custody of Jessica.
The accounting for the UGMA account which Dr. Wendy Cohen submitted to the court is presented in two schedules. *28 The first schedule lists payments directly from the account to providers of services, mostly camps and schools, totalling $44,299.68. Dr. Norman Cohen and Jessica did not dispute Dr. Wendy Cohen's right to an allowance in that amount for those payments. The second schedule lists amounts which Dr. Wendy Cohen paid from her own funds for attorneys' fees and for Jessica's living expenses, including clothes, food, shoes, dry cleaning bills, medical insurance, and doctors' services. The attorneys' fees are those expended in Dr. Wendy Cohen's litigation with her parents and her husband for custody of Jessica. They include the fees which Dr. Wendy Cohen paid to her own attorneys and the fees which she paid to Jessica's guardian ad litem. Dr. Wendy Cohen reimbursed herself from the UGMA account for these living expenses and attorneys' fees. Dr. Norman Cohen and Jessica objected to Dr. Wendy Cohen's reimbursing herself for these expenditures.
The scheduled living expenses amount to $37,503.39. The scheduled fees for Dr. Wendy Cohen's attorneys and for Jessica's guardian ad litem amount to $37,233.33. If there had been no withdrawals, the total corpus of the UGMA account would have totalled $75,458.42. If the $44,299.68 of withdrawals which are not contested is subtracted from that total of $75,458.68, the balance is $31,158.74. That is the amount which would have remained in the account if only the uncontested items listed in Dr. Wendy Cohen's first schedule had been paid from the UGMA funds. The trial court disallowed all of the expenditures listed in Dr. Wendy Cohen's second schedule, and therefore held that she owed her daughter the $31,158.74 that would have remained in the UGMA account but for the reimbursements that were disallowed.[1]
*29 On appeal, Dr. Wendy Cohen asserts that the Uniform Gifts to Minors Act, N.J.S.A. 46:38-27(b), confers complete discretionary authority on the custodian of an UGMA account to utilize the funds for the benefit of the minor, and that that statutory grant authorized her to reimburse herself for the disputed disbursements. Dr. Norman Cohen has cross-appealed. He contends that the court erred by declining to charge Dr. Wendy Cohen interest on the reimbursements which it disallowed and by failing to award him attorneys' fees.
Resolution of this appeal depends upon the statutory powers and duties of a custodian of an UGMA account. The Uniform Gifts to Minors Act[2] provides that a gift "is irrevocable and conveys to the minor an indefeasible vested legal title to the ... money...." N.J.S.A. 46:38-17. The relevant statutory grant of authority is found in N.J.S.A. 46:38-27(b), which provides:
(b) The custodian shall pay over to the minor for expenditure by him, or expend on behalf of the minor, so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education, general use and benefit of the minor in the manner, at the time or times, and to the extent that the custodian in his absolute discretion deems suitable and proper, with or without court order, with or without regard to the duty or ability of himself or of any other person to support the minor, and with or without regard to any other funds, income or property of the minor which may be available for any such purpose.
Despite the literal language of the statute, courts which have considered the issue have unanimously held that a custodian of an UGMA account may not use funds in the account to pay or reimburse herself either for expenditures which she makes for her own benefit or for expenditures which she is legally obligated to make from her own funds for the benefit of the minor who is the beneficiary of the custodial account. Newman v. Newman, 123 Cal. App.3d 618, 176 Cal. Rptr. 723 (1981) (A father holding property of his minor children as custodian *30 under the UGMA could not use the proceeds of the property to satisfy a court order for support.); In re Marriage of Wolfert, 42 Colo. App. 433, 598 P.2d 524 (1979) (Where the parents are financially able to support their children, "the court may order that such gifts [UGMA funds] not be used to reduce the legal obligation of support."); Weisbaum v. Weisbaum, 2 Conn. App. 270, 477 A.2d 690 (1984) (The UGMA's purpose is not to relieve a parent's primary duty of support.); Gold v. Gold, 96 Misc.2d 481, 483, 409 N.Y.S.2d 114, 116 (Sup.Ct. 1978) (A mother/custodian is "barred from using the children's funds for their support, since by reducing her child care obligations, she would receive an indirect financial advantage."); Sutliff v. Sutliff, 339 Pa.Super. 523, 537-38, 489 A.2d 764, 771 (1985), aff'd, 515 Pa. 393, 528 A.2d 1318 (1987) (Because the burden of supporting minor children must be borne by their parents, "a parent who is able to support his children may not use custodial funds to discharge his support obligation...."); Erdmann v. Erdmann, 67 Wis.2d 116, 226 N.W.2d 439 (1975) (The fund created for the benefit of the children could not be used by the custodian for the children's support and maintenance.).
In New Jersey, the estate of a minor may not be used for his support and maintenance if those who are legally responsible for the minor have sufficient funds to enable them to fulfill their responsibilities. Cf. Matter of Conda, 104 N.J. 163, 170, 516 A.2d 240 (1986) (citing Rednor v. First Mechanics Nat'l Bank 131 N.J. Eq. 141, 154, 24 A.2d 850 (E. & A. 1942); Smith v. Robinson 83 N.J. Eq. 384, 387, 90 A. 1063 (Ch. 1914); Walling's Case, 35 N.J. Eq. 105, 106-07 (Prerog.Ct. 1882); and Stephens v. Howard's Ex'r, 32 N.J. Eq. 244 (Ch. 1880)). In view of this well established principle, we construe the Uniform Gifts to Minors Act in the same way that the courts of other states have done. We hold that despite the broad language of the statute purporting to confer wide discretion on the custodian, a custodian who is also a parent cannot properly use assets of a *31 UGMA account to defray the parent's legal obligations to a child if the parent is financially able to support the child.[3]
In the present case, Dr. Wendy Cohen did not dispute Dr. Norman Cohen's assertion that she was financially able to defray the expenses listed in the second schedule of her accounting without using the funds in the UGMA account. The Chancery Division was therefore correct in holding that Dr. Wendy Cohen was obligated to pay for those expenses from her own funds and was not entitled to reimburse herself for them from the UGMA account.[4]
We also affirm the Chancery Division's denial of pre-judgment interest. The Uniform Gifts to Minors Act provides that
a custodian not compensated for his services is not liable for losses to the custodial property unless they result from his bad faith, intentional wrongdoing or gross negligence or from his failure to maintain the standard of prudence in investing the custodial property provided in this act.
N.J.S.A. 46:38-28(e). Dr. Wendy Cohen was not found to have acted in bad faith, to have committed intentional wrongdoing, or to have been guilty of gross negligence. Her use of custodial funds to reimburse herself for expenditures which were her *32 legal obligation, although improper, was not the sort of transgression which the statute characterizes as a "failure to maintain the standard of prudence in investing the custodial property provided in this act." Accordingly, the Chancery Division judge's denial of interest was within his discretion.
Dr. Wendy Cohen's remaining points, that the objections to the accounting were not properly brought; that she should not have been denied her right to adduce testimony and documentary evidence and to cross-examine Dr. Norman Cohen or Jessica; and that the court's failure to consider testimony relative to the history of the litigation was reversible error, are clearly without merit. R. 2:11-3(e)(1)(E).
Dr. Norman Cohen's cross-appeal sought attorneys' fees. The trial court's denial of this application was a decision well within its discretion. See R. 4:42-9(a)(1).
The judgment appealed from is affirmed.
NOTES
[1] The Chancery Division's order misstated the amount to be refunded to Jessica as $30,437. The arithmetical difference between the $75,458.42 of corpus for which the custodian was responsible and the $44,299.68 of approved expenditures amounts to $31,158.74.
[2] This Act will be repealed by the Uniform Transfer to Minors Act, "UTMA" N.J.S.A. 46:38A-1 et seq. in July 2007. The UGMA is controlling in the present case because the trust was set up prior to 1987, the year the Uniform Transfer to Minors Act was adopted.
[3] See Uniform Transfers to Minors Act, N.J.S.A. 46:38A-34, (use of custodial property for the benefit of a minor is not to affect obligation to support the minor).
[4] In making this ruling, we do not distinguish between Jessica's scheduled living expenses and the $37,233.33 of fees paid to attorneys and to Jessica's guardian ad litem. Dr. Wendy Cohen was obviously responsible for the cost of Jessica's ordinary living expenses in excess of the support paid by Dr. Norman Cohen. If the guardian ad litem's and attorneys' fees which were expended for the custody battle were expended for Dr. Wendy Cohen's benefit, she is certainly obligated to defray them from her own funds. If, as the trial court apparently determined by its custody determination, the expenditures were wholly or partially for Jessica's benefit, her mother, as the custodial parent, was obligated to pay for them from her own funds, subject to whatever reimbursement the court may have ordered from Dr. Norman Cohen. Of course, a trustee, guardian, or custodian always has the discretion to seek court approval to defray particular expenses from funds of a minor or beneficiary if circumstances warrant.