268 N.J. Super. 477 (1993)
633 A.2d 1055
HARRY MOEHRING, PLAINTIFF,
v.
MARILYN (MOEHRING) MAUTE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Sussex County.
Decided August 12, 1993.
*478 Don X. Bancroft for plaintiff.
Marilyn (Moehring) Maute pro se.
*479 PARKER, J.S.C.
In this post-judgment matrimonial motion, plaintiff seeks to compel defendant and/or the parties' daughter, Sheri Ann, to produce all documents related to settlement of a personal injury case arising out of an automobile accident in which Sheri Ann sustained severe injuries. Plaintiff further seeks a plenary hearing to determine whether he has a continuing obligation to contribute to Sheri Ann's college expenses in view of the personal injury award. Judgment of divorce was granted on February 29, 1980, and plaintiff is currently contributing to Sheri Ann's college expenses in accordance with an order entered on July 10, 1991.
On March 25, 1990, Sheri Ann was seriously injured in an automobile accident. She was hospitalized for a period of time and underwent extensive treatment and rehabilitation. Even though she was recovering from her injuries, Sheri Ann began her studies at William Paterson College and expects to graduate in May 1994 with her class. She has maintained a 3.3 grade point average, is vice-president of the National Honor Society in psychology and works part-time to defray her personal expenses. She has received grants and aid and those amounts are deducted from the tuition paid by the parties.
Plaintiff argues that if Sheri Ann has received a substantial settlement, as he suspects, she should pay her own college expenses "with her new found wealth." Plaintiff further argues that as her father, he is entitled to the information regarding the settlement. Defendant contends that Sheri Ann's settlement resulted from her pain and suffering and should not be utilized to pay her college expenses when her parents can continue to pay those expenses as they have for the past three years.
Sheri Ann is twenty-one years old and defendant argues that Sheri Ann can determine whether she wishes to disclose the settlement to her father. Sheri Ann submitted her own certification in opposition to the motion, and stated unequivocally that she does not wish to disclose the settlement to her father, from whom she has been estranged. Plaintiff acknowledges that his relationship *480 with his daughter is strained as a result of his active alcoholism during the marriage. He indicates he has now been sober for a number of years and would like to heal the relationship.
The sole issue before the Court is whether plaintiff is entitled to disclosure of his daughter's settlement and a hearing to reduce or extinguish his obligation to contribute to her college expenses. Significantly, in his motion, plaintiff makes no claim that he is unable to afford these expenses or that he has experienced "changed circumstances" which limit his ability to pay. Plaintiff's ability to pay is not the issue in this motion.
It is generally accepted that "financially capable parents should contribute to the higher education of children who are qualified students." Newburgh v. Arrigo, 88 N.J. 529, 544, 443 A.2d 1031 (1982). The factors to be considered in determining a parent's contribution to college expenses include:
(1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2) the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child.
Id. at 545, 443 A.2d 1031.
Sheri Ann has only one remaining year of college. She is attending a state college, at which the cost of tuition, room and board is very modest compared to most private schools. Sheri Ann has been diligent in her studies, achieving good grades even while recovering from her injuries.
*481 Among the Newburgh factors, the parents' ability to pay is clearly the most significant. See Weitzman v. Weitzman, 228 N.J. Super. 346, 357, 549 A.2d 888 (App.Div. 1988). Obviously, even if all of the other factors weighed in favor of the parental contribution, the parent cannot be compelled to contribute if the financial resources are lacking. The question here is whether the child's personal injury settlement should be disclosed and considered when the parent is able to pay the college expenses. This Court finds it should not.
A personal injury settlement differs from a custodial or trust account established for the child's education. Clearly, funds set aside for educational purposes should be utilized to defray the parents' obligation. The personal injury settlement, however, was intended to compensate Sheri Ann for her pain and suffering. Neither Sheri Ann nor her parents anticipated the settlement or relied on it in their financial planning for the child's future. The parties knew or should have known that they would be responsible for college expenses. Sheri Ann should not be required to dissipate those funds when her parents are capable of paying the college expenses.
Although Sheri Ann has reached the age of majority, she is not emancipated because she is still a full-time student and dependent upon her parents for support. So long as plaintiff is financially able to do so, he is obligated to continue that support until Sheri Ann graduates and becomes fully emancipated  regardless of Sheri Ann's personal injury settlement.
In entering the July 10, 1991, order, the court found plaintiff able to pay Sheri Ann's college expenses. Plaintiff cannot shift his responsibility to his daughter absent evidence of changed circumstances. Cf. Cohen v. Cohen, 258 N.J. Super. 24, 30, 609 A.2d 57 (App.Div. 1992.) "In New Jersey, the estate of a minor may not be used for his support and maintenance if those who are legally responsible for the minor have sufficient funds to enable them to fulfill their responsibilities."
*482 Plaintiff's motion is denied and he shall continue to comply with the July 10, 1991, order.