995 A.2d 855 (2010)
413 N.J. Super. 405
Jane COLCA f/k/a Anson, Plaintiff-Appellant/Cross-Respondent,
v.
David ANSON, Defendant-Respondent/Cross-Appellant.
DOCKET NO. A-1822-08T2.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 2009.
Decided May 21, 2010.
*856 Frank Imparato argued the cause for appellant/cross-respondent.
Randolph A. Newman, Clifton, argued the cause for respondent/cross-appellant (Newman & Andriuzzi, attorneys; Mr. Newman, on the brief).
Before Judges PARRILLO, LIHOTZ and ASHRAFI.
*857 The opinion of the court was delivered by
LIHOTZ, J.A.D.
Plaintiff Jane Colca appeals from a Family Part order filed on October 24, 2008. Defendant David Anson cross-appeals. In addition to challenging the court's determinations requiring her to reimburse college expenses incurred for their children and pay counsel fees awarded to defendant, plaintiff argues the trial court erred by imposing an obligation to pay child support in the absence of proof of changed circumstances following a prior order denying that same request. Defendant cross-appeals, arguing the court erred in limiting the ordered amount of college expense reimbursement and requesting an award of counsel fees for his participation in this appeal.
Given the unique factual circumstances presented, we conclude no error resulted from the court's order fixing child support, as plaintiff was not relieved of the fundamental duty to support the parties' child. We affirm the trial court's order of support, including the obligation to pay the children's college expenses, and the award of attorney's fees. Following our review, however, we conclude it is necessary to reverse two provisions of the order addressing the parties' respective obligations for the parties' daughter's past college costs. We remand the matter for further proceedings to discern whether sums plaintiff paid, for which she was denied credit, were received by defendant and, further, to determine the amount of plaintiff's contribution toward the tuition costs incurred for the parties' daughter in 2005-2006.

I.
Plaintiff and defendant divorced on February 18, 1993. They have two children: a son, age twenty-five, and a daughter, age twenty-three.
Substantial post-divorce litigation has occurred over the past fifteen years. In the recent past, a consent order was entered on January 31, 2005 (January consent order) awarding plaintiff residential custody of the parties' daughter and terminating "[p]laintiff's obligation to pay child support for [her]," effective June 14, 2004. Defendant was correspondingly ordered to pay child support of $149 per week. The parties' son was deemed emancipated and plaintiff's child support obligation for him was also terminated. Finally, the consent order provided "defendant shall pay 51% and the plaintiff shall pay 49% of college expenses" once the daughter was accepted to college.
A later motion regarding these same issues resulted in an order entered on November 3, 2005 (November order), which provided in pertinent part:
1. Each party shall be permitted the opportunity to retain the services of a forensic accountant for the purpose of determining the other party's 2003, 2004 and/or 2005 income at his or her own expense. Both parties shall cooperate with all reasonable requests for documents by the other party's forensic accountant.
. . . .
4. The Defendant's request for child support for [the children] is denied.
. . . .
9. The parties shall split [the daughter's] college expenses, and [the son's] college expenses incurred after September 6, 2005 as follows: the Plaintiff shall pay thirty-five (35%) percent; and the Defendant shall pay sixty-five (65%) percent. The children's college expenses shall include normal college expenses, including tuition, room and board and *858 fees, and the parties' respective contributions shall be calculated after consideration of all available financial aid, scholarships and student loans received by the children.
. . . .
11. The Defendant shall promptly provide the Plaintiff with copies of all future bills for the children's college education, and the Plaintiff shall pay her proportionate share of same within thirty (30) days of receipt. For ongoing monthly college expenses for the parties' children, the Defendant shall provide a schedule of all future payments due. The Plaintiff shall forward her proportionate share of said ongoing monthly expenses to the Defendant at least seven (7) days prior to the date payment is due, and the Defendant shall pay said expenses.
. . . .
14. The Defendant shall provide the Plaintiff with an accounting of the monies he has already paid for the children's college expenses, and the Plaintiff shall reimburse the Defendant for her proportionate share of same within sixty (60) days.
When plaintiff failed to remit her percentage contribution of the children's college expenses, as required by the November order, defendant moved for enforcement of litigant's rights. His motion sought the payment of college expenses for both children, child support for the parties' daughter, and an award of attorney's fees based on the expense he incurred to file the motion.
Following its review of the parties' pleadings and consideration of oral argument, the court concluded plaintiff was in violation of litigant's rights and ordered her to pay (1) "the sum of $1768.69 ... concerning reimbursement for college expenses [for the parties' daughter's attendance] at Berkeley College," (2) "the sum of $1,596[ ] ... concerning reimbursement for college expenses [for the parties' son's attendance] at William Paterson University," (3) "the sum of $161 per week as and for child support for [the parties' daughter]" and $50 per week in arrears due for the time period of September 2, 2008 to October 28, 2008 totaling $1288, and (4) "the law firm of Newman & Andriuzzi the sum of $1250 as and for [defendant's] attorney's fees and costs for the necessity of filing this motion." The trial court denied defendant's reimbursement request for the parties' daughter's college expenses incurred while attending the Fashion Institute of Design and Manufacturing (FIDM) between October 2005 and February 2006, and plaintiff's cross-motion for counsel fees.
In a statement of reasons attached to the order, the trial court set forth its calculation of plaintiff's indebtedness. The court determined that two checks presented by plaintiff, payable to KCA Financial Services, Inc. and to Jeney & Jeney, LLC, would not be credited against her tuition obligation because "[n]o explanation was offered" as to the nature of the alleged payment. The trial court also denied defendant's request for reimbursement of the daughter's FIDM tuition, finding the "obligation" predated the November order.
In awarding support for the parties' daughter, the court found:
Defendant is supporting [the daughter]. There is simply no basis upon which the [c]ourt would deny [defendant's] right to obtain child support from plaintiff. The [c]ourt acknowledges that on November 3, 2005, defendant's request for child support was denied. The [c]ourt has not been provided with a Statement of Reasons regarding that denial. In any event, child support is the right of the child to the residential parent and [defendant] *859 has a right to receive financial assistance from [the child's] mother.
The court relied on defendant's Case Information Statement and tax return to fix his annual income at $55,611. The court rejected plaintiff's assertions of "inaccuracies and possible infractions" because she failed to avail herself of the review granted "in its Order of November 3, 2005 that the parties were permitted to retain the services of a forensic accountant and right of discovery." Noting plaintiff "failed to provide any income information," the motion judge imputed annual income to her of $56,992, based upon "New Jersey State Labor Information." Plaintiff was ordered to pay child support of $161 per week.
With respect to the son's requested college expenses, plaintiff was ordered to reimburse 35% of the total obligation incurred at William Paterson University. Plaintiff's argument that defendant waived his claim because he waited two years to seek reimbursement was rejected, and no credit was given for some claimed payments based on a finding that they did not offset tuition. Defendant's request for plaintiff's payment of her share of their daughter's FIDM tuition was denied because the obligation was "incurred" prior to the date fixed in the November order, which ordered plaintiff's payment for college expenses "incurred after September 6, 2005."
Finally, the court made findings regarding the parties' respective requests for an award of attorney's fees. First, the judge noted that the parties' incomes were roughly comparable, although plaintiff failed to provide a Case Information Statement, preventing the court's consideration of her actual financial information. Second, the court found plaintiff's "position that she is not obligated to provide child support [ ] neither reasonable nor made in good faith" and that "she [ ] attempted to seek credits by submitting checks that clearly were not used for college tuition." Consequently, plaintiff was ordered to pay $1250 toward defendant's counsel fees. Plaintiff's request for counsel fees was denied, as she "failed to submit a basis upon which fees would be awarded."

II.
We begin our analysis by briefly discussing certain established principles, which guide our review. The scope of appellate review of a trial court's fact-finding function is limited. Cesare v. Cesare, 154 N.J. 394, 411, 713 A.2d 390 (1998). "We grant substantial deference to a trial court's findings of fact and conclusions of law, which will only be disturbed if they are `manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence.'" Crespo v. Crespo, 395 N.J.Super. 190, 193-94, 928 A.2d 833 (App.Div.2007) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974) (internal citations omitted)). Moreover, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare, supra, 154 N.J. at 413, 713 A.2d 390. Generally, we reverse only when our review discerns the trial court's findings "`are so wholly un-supportable as to result in a denial of justice[.]'" Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475, 541 A.2d 1063 (1988) (quoting Rova Farms Resort, supra, 65 N.J. at 483-84, 323 A.2d 495); Roe v. Roe, 253 N.J.Super. 418, 432, 601 A.2d 1201 (App.Div.1992). However, a trial court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Tp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).

*860 III.

A.
On appeal, plaintiff contends the court abused its discretion in modifying the November order even though defendant failed to prove changed circumstances, as required by Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980). Plaintiff further argues the court "compounded its error ... when it inconceivably accepted the defendant's representation of his annual income despite the proofs presented by the plaintiff[,]... which unequivocally contradicted the defendant's certification of his financial circumstance." We disagree.
The order under review addresses a parent's obligation to provide support, including college expenses for an unemancipated child, an area informed by several essential principles. First, "[o]ne of the fundamental concepts in American society is that parents are expected to support their children until they are emancipated, regardless of whether the children live with one, both, or neither parent." Burns v. Edwards, 367 N.J.Super. 29, 39, 842 A.2d 186 (App.Div.2004) (citing Dunbar v. Dunbar, 190 U.S. 340, 351, 23 S.Ct. 757, 761, 47 L.Ed. 1084, 1092 (1903)); see also Cumberland County Bd. of Soc. Servs. v. W.J.P., 333 N.J.Super. 362, 365, 755 A.2d 1171 (App.Div.2000)(noting that "[a]t common law, parents had an absolute duty to support their children"). The obligation to provide child support "is engrained into our common law, statutory, and rule-based jurisprudence." Burns, supra, 367 N.J.Super. at 39, 842 A.2d 186.
Second, "it is settled that the best interests of the child [are] the greatest and overriding consideration in any family court matter." Monmouth County Div. of Soc. Servs. v. G.D.M., 308 N.J.Super. 83, 88, 705 A.2d 408 (Ch.Div.1997) (citing Wilke v. Culp, 196 N.J.Super. 487, 489, 483 A.2d 420 (App.Div.1984)). Accordingly, enforcing the parental duty to support children is "an inherent part of the `best interests of the child' rubric which underlies our family courts." Ibid. Accordingly, "a parent is obliged to contribute to the basic support needs of an unemancipated child to the extent of the parent's financial ability[.]" Martinetti v. Hickman, 261 N.J.Super. 508, 513, 619 A.2d 599 (App.Div.1993). "[C]hildren are entitled to be supported at least according to the standard of living to which they had grown accustomed prior to the separation of their parents," and the "talisman of concern is always the welfare of the child." Guglielmo v. Guglielmo, 253 N.J.Super. 531, 546, 602 A.2d 741 (App.Div.1992).
Third, it is also firmly established that child support is for the benefit of the children; therefore, the right to receive support belongs to the children, not the custodial parent. Pascale v. Pascale, 140 N.J. 583, 591, 660 A.2d 485 (1995); Patetta v. Patetta, 358 N.J.Super. 90, 94, 817 A.2d 327 (App.Div.2003); L.V. v. R.S., 347 N.J.Super. 33, 41, 788 A.2d 881 (App.Div.2002); Blum v. Ader, 279 N.J.Super. 1, 4, 652 A.2d 176 (App.Div.1994).
On appeal, plaintiff essentially argues the November order denying defendant's application for payment of child support was immutable, forever relieving her of the obligation to support the parties' daughter until and unless defendant could prove changed circumstances warranting modification of the order's provisions. This position is unsupportable as a matter of law.
As we have stated, a parent's support obligation continues until the child's emancipation. During that time, the inherent equitable powers of the Family Part allow the court to enter, revise or alter support orders "from time to time as circumstances *861 may require." N.J.S.A. 2A:34-23; see also Lepis, supra, 83 N.J. at 146, 416 A.2d 45. Therefore, notwithstanding the denial of defendant's prior motion for child support, the court may enter an appropriate support order after examining the current facts and circumstances.
Neither we nor the motion judge were provided with a transcript of the November 2005 proceeding, precluding a review of the court's reasons for denying defendant's motion[1] and limiting a full comparison of the facts. The record does show that in November 2005, the parties' daughter commenced college, was living in California and attending FIDM. Plaintiff's September 2, 2005 certification stated "[w]ithin the last four [] years, our children have gone back and forth between living with me and living with [] [d]efendant." Under these circumstances, the November order allocated the parents' financial obligations for "tuition, room and board, and fees" along with transportation. At the time the current motion was heard, the parties' daughter had left FIDM to attend a local school, Berkeley College. She remained a full-time student but was commuting to her classes while residing with defendant. The circumstances now presented are markedly different from those of November 2005. Therefore, entry of an order enforcing the "natural, vital[,] and fundamental" duty imposed on a parent to support his or her child was warranted. G.D.M., supra, 308 N.J.Super. at 94, 705 A.2d 408.
We also reject plaintiff's suggestion of error because the court did not consider the daughter's inheritance when fixing support. A child's assets may not be used to fulfill a financially able parent's support obligation. See In re Application of Conda, 104 N.J. 163, 170, 516 A.2d 240 (1986) (holding "the estate of a minor should not be charged for the support and maintenance of a minor where others are responsible and able to do so"); Cohen v. Cohen, 258 N.J.Super. 24, 30-31, 609 A.2d 57 (App.Div.), certif. denied, 130 N.J. 596, 617 A.2d 1219 (1992) (construing Uniform Gift to Minor's Act to prevent a custodian who is also a parent from using a child's account to defray a financially able parent's legal obligation to support the child); Pressler, Current N.J. Court Rules, comment 2 to R. 5:6A (2010) ("It is also clear that a parent's support obligation cannot be met by resort to the child's personal estate, including property gifted to the child under the Uniform Gifts to Minors Act").[2] We conclude the order requiring plaintiff to fulfill her legal obligation to pay support for the parties' unemancipated daughter will not be disturbed.
We turn to plaintiff's attack on the incomes underpinning the court's calculation of child support. Defendant's income was proven by his June 30, 2008 Case Information Statement (CIS) and his 2007 federal income tax return, which included a Schedule "C" itemizing income and expenses from his business. The motion judge rejected plaintiff's unsupported suggestion of falsification. As the motion judge noted, plaintiff had made similar assertions in the past and was permitted to pursue broad post-judgment discovery. She chose not to utilize this opportunity, making her contentions no more than unfounded speculation.
*862 Believing she was not obligated to support the parties' daughter, plaintiff failed to file a CIS or provide other proof of her income. Instead, the court, relying upon the job description and income data set forth in the New Jersey Occupational Wage Compendium published by the Department of Labor, imputed income.
In calculating child support, the "Considerations in the Use of Child Support Guidelines" allow for the imputation of income based on "the average earnings for that occupation as reported by the New Jersey Department of Labor (NJDOL)." Pressler, supra, ¶ 12(a), Appendix IX-A to R. 5:6A at 2393 (2010). We find no error in the court's exercised discretion and defer to the Family Part's special expertise.
Following our review, we discern no abuse of discretion and determine the factual findings of the motion judge to fix child support are supported by the "competent, relevant and reasonably credible evidence" in the record. Crespo, supra, 395 N.J.Super. at 193-94, 928 A.2d 833. Therefore, the motion judge's determination will not be disturbed on appeal. See Rova Farms Resort, supra, 65 N.J. at 484, 323 A.2d 495.

B.
Both parties challenge the motion judge's determination of the amount plaintiff must pay for their daughter's college expenses. Plaintiff argues the court miscalculated her obligation and improperly rejected her proofs of additional payment. Defendant asserts the court erred in denying his request for reimbursement of the 2005-2006 FIDM tuition.
"[I]n appropriate circumstances, the privilege of parenthood carries with it the duty to assure a necessary education for children." Newburgh v. Arrigo, 88 N.J. 529, 543, 443 A.2d 1031 (1982). Thus, our courts have included the expense of a college education as part of a child's necessary support. See Gac v. Gac, 186 N.J. 535, 546, 897 A.2d 1018 (2006) (reaffirming that a relationship between a non-custodial parent and a child is not required to support the non-custodial parent's financial assistance to defray college expenses); Khalaf v. Khalaf, 58 N.J. 63, 71-72, 275 A.2d 132 (1971) (directing parent to pay towards son's college expenses); Moehring v. Maute, 268 N.J.Super. 477, 480, 633 A.2d 1055 (Ch.1993) (same); Johnson v. Bradbury, 233 N.J.Super. 129, 135, 558 A.2d 61 (App.Div.1989) (same). The parties' obligation to provide for the college education of their children is well-established.
We reject the motion judge's narrow reading of paragraph nine of the November order, which states: "The parties shall split [the daughter's] college expenses, and [the son's] college expenses incurred after September 6, 2005[.]" The motion judge concluded the FIDM contract was dated May 9, 2005, obviating plaintiff's contribution because the obligation preceded September 6, 2005. This conclusion is erroneous.
The parties themselves recognized plaintiff's obligation beginning with the January consent order, which stated: "defendant shall pay 51% and the plaintiff shall pay 49% of college expenses" once their daughter was accepted to college. Plaintiff admits she was fully aware that the parties' daughter would attend college and that the January consent order was a temporary agreement until they could exchange discovery to determine their respective obligations based upon actual earnings. The determination of the amount of each party's respective contribution for the daughter's current expenses and the son's past expenses was presented for the court's determination in November 2005.
*863 The September 6 limitation, stated in paragraph nine of the November order, applied solely to the son's college costs, not reimbursement of the daughter's expenses. This determination is based on our review of the entire order, as well as the other facts in the record.
The parties' daughter graduated from high school in June 2005 and was accepted as a matriculating student by FIDM beginning in September 2005. Plaintiff's September 2005 certification actually challenged her ability to pay for FIDM, stating: "It is unfair to obligate me to contribute toward the cost of such an expensive college that I was not involved in selecting[.]" Plaintiff alternatively suggests the cost of community college was a more appropriate obligation to divide or that defendant should advance the costs of college until his "true income, as well as our respective abilities to pay" could be discerned.
In response to plaintiff's motion, the court ordered both parties to respond to financial discovery requests and allowed either to seek retroactive revision of the fixed obligations if discovery "reveal[ed] a substantial discrepancy" in the parties' reported incomes. Pending discovery, the court ordered plaintiff to pay thirty-five percent as set forth in paragraph nine. Immediately before this provision, in paragraphs seven and eight, the order states:
7. The Defendant's request for reimbursement of [the parties' son's] prior college expenses is denied.
8. Effective September 6, 2005, the parties' son [] shall be deemed unemancipated.
In the context of these provisions, the September 6, 2005 limitation in paragraph nine plainly addressed the date of the son's emancipation and was not, as plaintiff led the motion judge to believe, a limitation of payment of the daughter's newly incurred college expenses.
Several provisions of the November order show the court fully intended its terms to apply to the daughter's current college expenses at FIDM. For example, paragraph six required plaintiff to reimburse the parties' daughter for $433 "representing college expenses [the daughter] paid;" paragraph twelve established plaintiff's responsibility for transportation costs, providing for her to pay for "two trips per year" including the "upcoming transportation expenses[,] which have already been booked"; paragraph thirteen denied defendant's reimbursement request for past transportation requests; and paragraph fourteen ordered defendant to provide "an accounting of the monies he has already paid for the children's college expenses" and plaintiff to reimburse "her proportionate share. . . within sixty days." Read together, it is unmistakable that plaintiff's obligation for FIDM was fixed at thirty-five percent. Accordingly, paragraph three of the October 24, 2008 order must be reversed.
Plaintiff also suggests the court improperly denied her requests for credit against the college expense obligation. She identifies a check in the amount of $1956, she released to her former attorneys, Jeney and Jeney, LLC, written on February 21, 2006, for the children's tuition. Plaintiff argues half that sum was applied toward her tuition obligation for the parties' daughter. In denying her request, the court stated "[n]o explanation was offered for these checks." This determination is not substantially supported by the record.
During argument, counsel noted the payment identified it was for the children's tuition. Nevertheless, the record is not clear whether counsel actually released the funds to defendant. We think it fair and reasonable that verification of this fact be *864 made. If defendant received the sum, plaintiff is entitled to an additional credit against the daughter's tuition costs in the amount shown to have been applied for that purpose. Finally, plaintiff cites a mathematical error in the court's calculation of the total Berkeley tuition from which her thirty-five percent obligation is calculated. The court may also review this issue on remand.
Finally, we reject plaintiff's suggestion that defendant's delay in seeking payment for plaintiff's share of their son's tuition amounts to a waiver. Even though defendant failed to comply with the mechanism for review and reimbursement set forth in the November order, he remains entitled to receive reimbursement. A corollary to the principle that child support belongs to the child is the principle that the right to receive child support may not be waived by a custodial parent. L.V., supra, 347 N.J.Super. at 41, 788 A.2d 881 (citing Kopak v. Polzer, 4 N.J. 327, 333 72 A.2d 869 (1950)); Martinetti, supra, 261 N.J.Super. at 512, 619 A.2d 599; Savarese v. Corcoran, 311 N.J.Super. 240, 246, 709 A.2d 829 (Ch.Div.1997), aff'd, 311 N.J.Super. 182, 709 A.2d 799 (App.Div.1998). So too, even in the face of a custodial parent's inaction, a court reviewing a motion to enforce litigant's rights may not "impute to a child the custodial parent's negligence, purposeful delay or obstinacy so as to vitiate the child's independent right of support from a natural parent." L.V., supra, 347 N.J.Super. at 40, 788 A.2d 881 (citations omitted).
Matrimonial litigants are often frustrated with litigating claims due to the time, expense, and uncertainty of the result. Nevertheless, because plaintiff's obligation is in the nature of support for an unemancipated child, she is obligated to provide these necessary payments, even in the face of defendant's failure to abide strictly by the procedures provided in the November order. Gotlib v. Gotlib, 399 N.J.Super. 295, 306, 944 A.2d 654 (App.Div.2008).
Plaintiff's argument that the trial court "failed to be guided by or even address the factors outlined in Gac" is incorrect. In Gac, supra, the Supreme Court stated, after balancing the Newburgh factors, the unique facts of the case, which included the non-custodial parent's limited resources, his obligations for other minor children, his estrangement from his college daughter, and
[t]he failure of both plaintiff and [the child] to request that defendant assist in paying [her] educational expenses at a time that would have enabled defendant to participate in [her] educational decision as well as to plan for his own financial future weighs heavily against ordering him to contribute to her educational expenses after her education was completed.
[186 N.J. at 546, 897 A.2d 1018.]
These facts are not present in this matter. Plaintiff's obligation for payment of the parties' son's college costs was fully aired and fixed in November 2005. Consequently, her claim of error suggesting she was deprived of a Newburgh hearing is meritless.
On these issues, we have no quarrel with the trial court's exercised discretion in denying plaintiff's request for a plenary hearing. We do not view plaintiff's contention that there were genuine issues of material fact, as exhibited by the parties' conflicting affidavits, as correct. "[N]ot every factual dispute that arises in the context of matrimonial proceedings triggers the need for a plenary hearing." Harrington v. Harrington, 281 N.J.Super. 39, 47, 656 A.2d 456 (App.Div.), certif. denied, 142 N.J. 455, 663 A.2d 1361 (1995); accord Adler v. Adler, 229 N.J.Super. 496, 500, 552 A.2d 182 (App.Div.1988). We discern *865 no factual dispute for which a plenary hearing would be helpful in reaching resolution. Fusco v. Fusco, 186 N.J.Super. 321, 329, 452 A.2d 681 (App.Div.1982); Shaw v. Shaw, 138 N.J.Super. 436, 440, 351 A.2d 374 (App.Div.1976).

C.
Plaintiff's final argument contends the trial court erred in awarding defendant counsel fees, suggesting he "failed to submit a Certification of Services addressing the factors required by RPC 1.5(a), Rule 4:42-9 and Rule 5:3-5(3)." She also asserts her fee request was improperly denied.
Our review concludes plaintiff's arguments are without merit. R. 2:11-3(e)(1)(E). In its determination, the trial court properly considered the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party. Mani v. Mani, 183 N.J. 70, 95, 869 A.2d 904 (2005); Williams v. Williams, 59 N.J. 229, 233, 281 A.2d 273 (1971). We discern no abuse of discretion. Addesa v. Addesa, 392 N.J.Super. 58, 78, 919 A.2d 885 (App. Div.2007).
Finally, we decline to address that portion of defendant's cross-appeal seeking counsel fees, except to state that "the Frivolous Litigation Act [N.J.S.A. 2A:15-59.1] does not apply to a frivolous appeal." Zavodnick v. Leven, 340 N.J.Super. 94, 103, 773 A.2d 1170 (App.Div.2001); Community Hosp. Group, Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J.Super. 119, 129, 885 A.2d 18 (App. Div.2005).

IV.
In conclusion, we affirm the provisions of the October 24, 2008 order fixing child support, setting the amount of reimbursement of college costs for the parties' son, and awarding attorney's fees (paragraphs six, four and eight respectively). We reverse the provision of the order that denied contribution to the daughter's FIDM tuition costs and remand for further consideration of that obligation, as well as plaintiff's claimed payment toward the daughter's Berkeley College tuition costs, partially included in an escrow check to her former attorneys. On remand, the Family Part must discern whether the escrow funds were released and received by defendant.
Affirmed in part, reversed in part, and remanded for further proceedings as set forth in this opinion.
NOTES
[1] The November 2005 proceeding was not before the motion judge who determined the matter under review.
[2] Plaintiff's argument that the child's earnings, received from working in defendant's office two days per week, would have affected her support lacks sufficient merit to warrant additional discussion. R. 2:11-3(e)(1)(E).