# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0060-17T3
                A-0456-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

       Plaintiff-Respondent,

v.

A.E.P. and F.G.,

       Defendants-Appellants.

_____

IN THE MATTER OF N.G. and D.R.,

       Minors.

_____

         Submitted December 18, 2018 – Decided January 25, 2019

         Before Judges Rothstadt, Gilson, and Natali.

         On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FN-07-0459-16.

Joseph E. Krakora, Public Defender, attorney for appellant A.E.P. (Beth A. Hahn, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant F.G. (Laura M. Kalik, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Fatime Meka, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor N.G. (Melissa R. Vance, Assistant Deputy Public Defender, of counsel and on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor D.R. (Margo E.K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

In these consolidated appeals, defendants, who are the mother and stepfather of a daughter, appeal from a February 28, 2017 order finding that they abused and neglected their daughter. The family judge, Judge James R. Paganelli, found that the stepfather, A.E.P. (Alberto), sexually abused the then-seventeen-year-old daughter, N.G. (Natalia), and that the mother, F.G.

(Fabiana),[1] neglected Natalia by failing to adequately protect her after the sexual abuse was disclosed and by failing to get her appropriate treatment.

Alberto argues that the Division of Child Protection and Permanency (Division) failed to prove he abused Natalia and the family court improperly shifted the burden of proof to him. Fabiana contends that there was insufficient evidence to establish that she neglected Natalia either in failing to adequately protect her or failing to provide adequate medical care. The Division and the Law Guardian representing Natalia urge us to affirm the findings of abuse and neglect. The Law Guardian representing Natalia's younger brother, D.R. (Dylan), argues that there was insufficient evidence to support the findings of abuse and neglect as to either Alberto or Fabiana. Having reviewed the record in light of the applicable law, we affirm substantially for the reasons explained by Judge Paganelli in his thorough opinion, read into the record on February 21, 2017.

The facts and evidence are detailed in Judge Paganelli's opinion, which he rendered after a nine-day evidentiary hearing. Accordingly, we need only

---

[1] We use initials and fictitious names for the parties and children to protect their privacy interests and to preserve the confidentiality of the record. See R. 1:38-3(d)(12).

summarize some of the relevant facts. Fabiana is the mother of several children, including Natalia, Dylan, and an adult son, F.G. (Francis).

In May 2016, Natalia reported to the police that Alberto had sexually molested her in late February 2016. In that regard, Natalia stated that when she was in the family home with Alberto, he called her over, lifted up her sweater and grabbed her breasts. When Natalia attempted to move away from Alberto, he grabbed the back of her pants and tried to pull them down.

While Natalia did not report the alleged assault to the police until May 2016, she did tell family members about the incident. Shortly after the incident, Natalia informed her older brother Francis of the assault. The day after the incident, a maternal uncle conducted a family meeting to address Natalia's statements that she had been assaulted by Alberto. The meeting was attended by Fabiana, Alberto, Francis, the maternal uncle, and Natalia. Alberto denied the assault and Natalia became upset because she felt that no one at the meeting believed her.

Thereafter, Natalia began cutting herself, her behavior changed, and later she reported that she attempted suicide. The counselor at Natalia's school testified that after February 2016, Natalia spent more time at school and began referring to her stepfather as her mother's husband, rather than as her stepfather.

4 <span>A-0060-17T3</span>

Natalia also saw the school psychiatrist several times, and there was a determination that she required additional services, including an evaluation, outside of school. The school counselor provided Fabiana with the names of three organizations that could conduct such an evaluation. Fabiana, however, failed to arrange any evaluation. In March 2016, Fabiana was also aware of and discussed with the school counselor that Natalia was cutting herself. Fabiana, however, did not disclose to the counselor that Natalia had reported that she had been sexually abused by Alberto.

In May 2016, Natalia and Fabiana argued over Natalia smoking in the house. As a result of that argument, Natalia left the home that night in a light dress and without shoes. The police were alerted to Natalia's situation by a neighbor who had provided Natalia with a jacket and shoes. After Natalia was taken to the police station, she reported the sexual abuse by Alberto. That information was then referred to the Division.

Thereafter, the Division conducted an investigation and obtained temporary custody of Natalia and care and supervision of Dylan. The Division also filed a complaint for custody of Natalia and care and supervision of Dylan, which charged Fabiana and Alberto with neglect and abuse.

A-0060-17T3

At the evidentiary hearing, Judge Paganelli heard testimony from a number of witnesses, including Natalia, Fabiana, Alberto, the maternal uncle, Francis, Division workers, and a Division expert. Natalia testified in the judge's chambers in accordance with procedures agreed to by all parties.

Based on the evidence presented, Judge Paganelli made detailed credibility and factual findings. Judge Paganelli credited Natalia's testimony concerning the sexual abuse and he found Alberto's denial incredible. Judge Paganelli also found Fabiana's testimony to be confused and largely incredible.

Judge Paganelli then found that Alberto had sexually abused Natalia as defined by N.J.S.A. 9:6-8.21(c)(3) and N.J.S.A. 9:6-8.84. Judge Paganelli also found that Fabiana had neglected Natalia in two ways: (1) failing to exercise a minimum degree of care by not protecting Natalia from Alberto after she learned of the sexual abuse; and (2) failing to get Natalia appropriate treatment, including appropriate medical care.

On this appeal, Alberto argues that the Division failed to meet its burden of proof in establishing abuse. He also argues that the family court improperly shifted the burden to him. Fabiana contends that there was insufficient evidence to prove that she failed to protect Natalia or failed to provide adequate medical care to Natalia. We are not persuaded by any of these arguments.

6

Our scope of review of a trial court's fact findings is limited. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278-79 (2007). We defer to the factual findings of the family court if those findings are "supported by adequate, substantial, and credible evidence" in the record. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014) (citing N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). A decision should be reversed or modified on appeal only if the findings were "so wholly un-supportable as to result in a denial of justice[.]" Colca v. Anson, 413 N.J. Super. 405, 413 (App. Div. 2010) (alteration in original) (quoting Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475 (1988)). We review de novo a trial court's legal conclusions. N.J. Div. of Youth & Family Servs. v. S.I., 437 N.J. Super. 142, 152 (App. Div. 2014) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

In a child abuse and neglect case, the burden of proof is on the Division to establish the elements of abuse and neglect. N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J. Super. 245, 266 (App. Div. 2002) (citing N.J.S.A. 9:6-8.46(b)). The Division must prove that the child has been abused or neglected by a preponderance of the "competent, material and relevant evidence." N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 32 (2011) (citing N.J.S.A.

9:6-8.46(b)). "Abuse and neglect cases are generally fact sensitive. Each case requires careful, individual scrutiny." Id. at 33.

Applying those standards and law, all of the fact findings made by Judge Paganelli are supported by substantial, credible evidence in the record. Judge Paganelli also correctly summarized the law and correctly applied his factual findings to the law. Contrary to the argument made by Alberto, the burden of proof was never shifted to him. While Judge Paganelli at one point questioned why certain witnesses were not called by the Division, he never shifted the burden of proof to Alberto. Judge Paganelli also identified and made factual findings sufficient to support the finding of abuse by Alberto and neglect by Fabiana.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0060-17T3