**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0306-19

AZIZA ARNETTE HARDY,
f/k/a AZIZA ARNETTE
AKINOLA,

     Plaintiff-Respondent,

v.

LAHAN AKINOLA,

     Defendant-Appellant.

_____

        Submitted January 5, 2021 – Decided February 12, 2021

        Before Judges Yannotti and Natali.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0014-13.

        Terry Law Group, LLC, attorneys for appellant (Rasheedah R. Terry, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant appeals from an order entered by the Family Part on August 6, 2019, which granted in part, and denied in part, defendant's motion for reconsideration of an order entered on April 11, 2019. We affirm in part, reverse in part, and remand for further proceedings.

I.

We briefly summarize the pertinent facts. The parties married in July 2005, and three children were born of the marriage, including a son, K.A., who was born in August 2000.[1] On March 21, 2014, the trial court entered a final judgment of divorce, which dissolved the parties' marriage and incorporated their Property Settlement Agreement (PSA).

The PSA provided the following with regard to the parties' obligations for their children's college expenses:

> (a) Husband and Wife shall pay for each child's college education and expenses proportionately based on their income, after each child applies for any and all scholarships, grants and student loans available to them and after any and all college savings accounts are applied toward such college education and expenses. The college education expenses shall include, but not be limited to, tuition, room, board, books, transportation[,] and miscellaneous fees, at a State level college. If the parties agree on a private college, it must be by mutual consent of the Husband, Wife[,] and child.

---

[1] We use initials to identify the parties' son, to protect his privacy. See R. 1:38-3(d)(1).

(b) The children shall consult with both parents as to the college and post-high school education they select.

(c) Both parties shall cooperate fully and in a timely manner with each child's college application process.

The PSA also required defendant to pay plaintiff $93 per week as child support until plaintiff relocated from the parties' marital home, which was expected to occur on or before March 1, 2014. Thereafter, defendant's child support payments would increase to $795 per month.

In the fall of 2018, K.A. began his first semester at Monmouth University (Monmouth), a private institution. Defendant claims he directed K.A. to seek admission to Rutgers University and that he did not consent to K.A.'s attendance at Monmouth. The cost to attend Monmouth, including room and board, was $18,719 per semester. However, K.A. received several school-specific grants to attend Monmouth and incurred student loans. As a result, the cost to attend Monmouth was $13,204 per semester.

On August 29, 2018, plaintiff filed a motion in the Family Part to compel defendant to contribute to the payment of K.A.'s college expenses. She also sought an increase in the amount of child support. Defendant filed a cross-motion seeking a decrease in child support, increased parenting time, and certain other relief.

3

On April 11, 2019, the Family Part judge entered an order granting plaintiff's motion. In an accompanying written decision, the judge stated that in the final judgment and PSA, the parties had not addressed college costs. The judge therefore considered the factors under Newburgh v. Arrigo, 88 N.J. 529, 545 (1982), and found that an award for K.A.'s college expenses was warranted.

The judge ordered that the parties would share the costs of K.A.'s college expenses in accordance with the amounts of their respective net incomes as reflected on the Child Support Guidelines (Guidelines) - Shared Parenting Worksheet (SPW). Defendant was ordered to pay fifty-seven percent of K.A.'s college expenses.

The judge also ordered defendant to pay $175 per week in child support: $157 for their two younger children and $18 per week for K.A. The judge found that defendant had an annual gross income of $123,427, based on his Case Information Statement and 2017 tax return. The judge further found that defendant could afford to pay his proportionate share of K.A.'s college expenses while maintaining his other financial obligations.

Defendant filed a motion for reconsideration of the court's April 11, 2019 order. In July 2019, the parties appeared for oral argument. Thereafter, the

A-0306-19

judge filed a written decision dated August 6, 2019, which addressed defendant's motion.

The judge noted that in his prior decision, he had not considered the provision of the PSA pertaining to the payment of the children's college costs. The judge found that the PSA was not ambiguous, and the reference to a "State level" school referred to a public institution.

The judge noted that although defendant did not consent to K.A.'s attendance at Monmouth, he was not seeking to avoid all responsibility for K.A.'s college expenses. Rather, defendant had argued he should only be required to pay the amount of tuition, room and board, and other expenses K.A. would have incurred at a "State level" institution.

The judge ordered defendant to pay his proportionate share of K.A.'s college expenses "at the level of the New Jersey public college tuition closest in price to" Monmouth. The judge stated:

> Based on current college costs, TCNJ [The College of New Jersey] is that school. That is not to say, however, that the cost of Rutgers or some other public school may be closer in price in future years. It is incumbent on the parties to determine that benchmark annually. Of course, under any future circumstances where the public college tuition is greater than Monmouth (if ever during [K.A.'s] matriculation), defendant shall pay his proportionate share of the actual attendance cost at Monmouth. Plaintiff, in addition to her own

5

proportionate contribution, or the child, will be responsible for any difference in cost based on the choice to attend Monmouth University rather than a public college.

The judge also addressed defendant's motion for reconsideration of his previous decision on child support. The judge noted that defendant had claimed plaintiff had additional business income which should have been considered in determining the amount of child support. The judge pointed out that defendant claimed plaintiff had income from her work as a real estate agent and part-time tutor.

The judge stated, however, that the parties had only submitted their 2017 tax returns and paystubs from September 2018 to show their respective year-to-date income. The judge wrote that after June 30 of a particular year, year-to-date earnings should be used to calculate child support since this is a more accurate reflection of annual earnings than the most recent tax return. The judge therefore stated that:

> [T]he paystubs were the more recent and accurate reflection of 2018 wage earnings and should have been used instead of the 2017 tax returns. Additionally, in reviewing the 2018 paystubs, which are the most recent complete set because defendant did not submit current paystubs or his 2018 return as directed by the court at the motion for reconsideration, the parties' combined income for 2018 based on the paystubs revealed they are a high income family, earning more than the

6

$187,200 guidelines maximum, a threshold that they did not reach in 2017.

The judge noted that K.A. remained dependent on his parents, although the circumstances had changed, and the moving party has the burden of establishing the circumstances that warrant a change in support. The judge pointed out that the Guidelines are used to calculate child support for the two younger children who still reside at home, but "support for a child who lives away at college is a different matter." The judge noted that there is no presumption that a child's required financial support lessens because he is attending college.

The judge first applied the Guidelines to determine the support required for the younger children. Then, based on his determination that the parties are a high-income family, i.e., a family with a combined net income that exceeds $187,200, the judge considered whether to exercise his discretion and award an additional amount of support above the Guidelines calculation for all of the children. The judge found that the base Guidelines award for the two younger children, based on a combined gross wage income of $216,000 is $202 per week.

In deciding whether to award an additional amount of support for the two younger children and any continued support for K.A., the court considered the factors in N.J.S.A. 2A:34-23(a). The judge reviewed these factors and

7

determined that defendant's child support obligation should be $272 per week: $232 for the two younger children, which reflects an increase of $30 above the base Guidelines award, with an additional $40 for K.A.

In addition, the judge addressed the issue of whether defendant's child support obligation should be determined by considering the parties' additional business income. The judge noted that defendant had reported gross rental income of $25,600 with a net loss of $12,322 after expenses, and plaintiff had reported gross business income of $27,062 with a net profit of $8,978 after expenses. The judge pointed out that "neither party provided supporting documentation for their claimed expenses."

The judge also stated that defendant failed to provide his 2018 tax return information and most recent paystub despite the court's oral direction that he provide the court with this information. The judge found that, based on the information that had been provided, he could not determine whether the expenses defendant claimed were likely to recur on an annual basis.

The judge noted that plaintiff had complied with the court's directive by providing her 2018 tax return, which included a two-year comparison that showed a decrease in business income in 2018. The judge noted that at oral

8

argument, plaintiff indicated she had earned commissions of about $20,000 in 2019.

The judge concluded that an assessment of the parties' business income on a multi-year basis would "yield the best estimate of an ongoing business income for support purposes . . . ." The judge stated however that he could not undertake this analysis based "on the dated and unequal information currently in the record." The judge concluded that "the appropriate mechanism" for this analysis "is a new modification motion."

The judge memorialized his decision in an order dated August 6, 2019. This appeal followed.

## II.

Defendant first argues that the order of August 6, 2019 must be reversed because the parties do not have a combined net yearly income of $187,200. Defendant asserts that the SPW issued with the August 6, 2019 order states that the parties have a net combined weekly income of $2,654, which is $138,000 a year. Defendant argues that the judge erred in calculating child support by applying the Guidelines based on his finding that the parties are high income parents.

It is well established that "our review of the Family Part's determinations regarding child support is limited." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "We 'do not disturb the factual findings and legal conclusions of the [motion] judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

Moreover, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Colca v. Anson, 413 N.J. Super. 405, 413 (App. Div. 2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Thus, generally, findings by the lower court are "binding on appeal when supported by adequate, substantial, credible evidence." Catabran, 445 N.J. Super. at 587 (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).

Trial courts apply the Guidelines when determining child support. Caplan v. Caplan, 182 N.J. 250, 264 (2005) (citing R. 5:6A). Upon a showing of good cause, the trial court may modify or disregard the Guidelines. Ibid. (citing R. 5:6A). "Good cause" includes the factors specified in Appendix IX-A to the Guidelines, which permit a court to supplement the Guidelines if the children's

parents have a combined net annual income that is greater than $187,200. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2021).

Specifically, the Guidelines state that under these circumstances, "the court shall apply the [G]uidelines up to $187,200 and supplement the [G]uidelines-based award with a discretionary amount based on the remaining family income (i.e., income in excess of $187,200) and the factors specified in N.J.S.A. 2A:34-23." Ibid.

Furthermore, when setting child support for college students living away from home, the court does not apply the Guidelines. Catabran, 445 N.J. Super. at 595-96. (citing Jacoby v. Jacoby, 427 N.J. Super. 109, 113 (App. Div. 2012)). Instead, the court must determine support based on the factors in N.J.S.A. 2A:34-23(a). Ibid. (citing Jacoby, 427 N.J. Super. at 113).

Here, the trial court found that the parties have a combined net annual income that exceeds $187,200. However, the court's August 6, 2019 order and accompanying SPW state that the parties have a combined gross income of $215,332 and a combined net income of $138,008. The record does not support the trial court's finding that the parties' have a combined net annual income of $187,200.

While the court indicated the parties had provided the court with paystubs for 2018, which showed a combined income for 2018 that exceeded $187,200, that finding is not reflected in the SPW. Moreover, it is not clear whether the court based its finding on gross or net income.

We note that on appeal, defendant has not provided this court with all of the documentation that was submitted to the trial court with regard to the motions that led to the April 11, 2019 order, or the order on his motion for reconsideration. Our court rules provide that an appellant must include in his appendix such "parts of the record . . . , as are essential to the proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised." R. 2:6-1(a)(1)(I). Defendant's appendix does not meet this requirement.

We therefore are constrained to conclude that based on the record before us, it appears that the trial court erred by applying the Guidelines for high income parents, that is, parents whose combined net income exceeds $187,200. That finding is inconsistent with the statements on the SPW.

Because the trial court indicated that there was evidence showing that the parties' combined net income may be greater than $187,200, we remand the matter for reconsideration of the court's order, which increased defendant's child

12

support obligation for the two younger children. If there is sufficient credible evidence in the record to support the conclusion that the parties have a combined net income of $187,200, the court may enter the order increasing defendant's child support obligation for the two younger children.

Defendant further argues that the trial court erred in making a supplemental award for K.A. The court stated that the amount allocated to K.A. includes "the fixed expenses [that] plaintiff continues to incur at times when [K.A.] is in her home as well as defendant's portion of additional support not covered by [his] college contribution."

Defendant contends the trial court did not properly weigh the factors in N.J.S.A. 2A:34-23(a) in making the supplemental award for K.A. The statute provides that when determining support for a child, the court shall consider:

> (1) [n]eeds of the child; (2) [s]tandard of living and economic circumstances of each parent; (3) [a]ll sources of income and assets of each parent; (4) [e]arning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment; (5) [n]eed and capacity of the child for education, including higher education; (6) [a]ge and health of the child and each parent; (7) [i]ncome, assets and earning ability of the child; (8) [r]esponsibility of the parents for the court-ordered support of others; (9) [r]easonable debts and

13

liabilities of each child and parent; and (10) [a]ny other factors the court may deem relevant.

[Ibid.]

As noted, N.J.S.A. 2A:34-23(a) requires the court to consider, among other things, the sources of income and assets of each parent, and their respective "[e]arning ability." Because the trial court's determination that the parties have a combined income of more than $187,200 may have been a factor in the court's decision to supplement the child support for K.A., the trial court should reconsider that determination as well.

We note that, on appeal, defendant argues that plaintiff did not present the trial court with documentation regarding K.A.'s expenses. He also argues that the judge failed to consider the $300 per month plaintiff receives from renting a car. He asserts plaintiff provides K.A. a portion of this rental income for his college expenses. He argues that the record does not support the "need" for the award of supplemental child support. The trial court shall consider these issues on remand.

III.

Next, defendant argues that the trial court's order of August 6, 2019 should be reversed because the court erred by calculating his obligation for K.A.'s

college expenses. Defendant contends the court failed to give "sufficient effect" to the relevant provisions of the PSA and the award is excessive.

The Family Part has "substantial discretion" in determining the amount of a parent's obligation for the cost of a child's higher education. Gotlib v. Gotlib, 399 N.J. Super. 295, 308-09 (App. Div. 2008) (citing Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001)). In Newburgh, the Court set forth a non-exhaustive list of factors the court should consider when evaluating a claim for contribution. 88 N.J. at 545. Those factors are codified in N.J.S.A. 2A:34-23(a).

Here, the Family Part judge recognized on reconsideration that the parties had addressed the issue of college expenses in the PSA. As we noted previously, the PSA states in pertinent part that the parties shall pay a proportionate share of each child's college costs and expenses, "after each child applies for any and all scholarships, grants and student loans available to them and after any and all college savings accounts are applied toward such college education and expenses."

Defendant argues that in determining the amount of his contribution for K.A.'s college costs, the trial court erred by limiting the amount of his credit for K.A.'s student loans. He asserts that K.A. enrolled in a private institution

without his consent, and the trial court based the amount of his contribution on the cost K.A. would have incurred if he had attended TCNJ. He contends he is entitled to a credit in the amount of the student loans that would have been available if K.A. had enrolled in a public institution. We disagree.

In the written decision filed with the April 11, 2019 order, the judge noted that K.A. had obtained student loans totaling $2,722, and that amount was deducted from the total amount of the costs to be allocated to the parties. It appears that defendant did not provide the trial court with any evidence as to the amount of student loans that would have been available to K.A. if he had enrolled in TCNJ or any other public institution.

Defendant also did not show that the amount of such loans would have been greater than the amount of the loans K.A. obtained as a result of his attendance at Monmouth. Defendant apparently presented no evidence to show that the judge erred by finding that the amount of student loans available generally depends on an individual's financial need, not the school the student is attending.

Defendant further argues that the trial court erred by failing to give him a credit for what he calls "school-specific" aid. Defendant notes that the PSA requires each child attending college to seek all available scholarships and

16

grants. He contends the trial court failed to give any effect to this provision of the PSA. Again, we disagree.

In the written decision filed with the April 11, 2019 order, the judge noted that K.A. had "successfully obtained" grants in the amount of $10,140, and that amount was deducted from the amount of college costs to be allocated between the parties. The record supports the judge's finding that the amount of scholarships or other financial aid K.A. might have received at a public institution would be speculative. The judge did not err by refusing to base defendant's obligation for K.A.'s college costs on such speculation.

Defendant also contends the trial court erred by using the cost of attendance at TCNJ as a basis for the allocation of K.A.'s college costs. Defendant contends cost is not the only factor that is considered when selecting a college. He asserts other factors that are considered include a school's ranking, its programs, and its location.

Defendant argues that the trial court erred by failing to conduct a "more extensive" analysis before choosing TCNJ as the basis for the award. He also contends the court should have averaged the tuition costs for all state institutions and then averaged those costs. We are convinced these arguments are entirely without merit.

17

As noted previously, the judge found that TCNJ was the public institution closest in cost to Monmouth, and that defendant would have been obligated by the PSA to pay those costs if K.A. had chosen to attend TCNJ and he had been accepted there. The judge was not required to undertake a "more extensive" analysis of other public institutions or average the tuition costs at those institutions.

It appears that defendant presented the court with an analysis of some sort and suggested that Rutgers should be the baseline school for determining his obligation for K.A.'s college expenses. Defendant has not, however, provided this court with his analysis. In any event, the trial court was not required to accept defendant's proffered analysis. Defendant has not shown that a school other than TCNJ is the public institution whose costs are closest to the costs of attending Monmouth.

Defendant further argues that his "exclusion" from K.A.'s college selection process should have resulted in a reduction of his contribution and an increase in plaintiff's contribution. We disagree. Here, the Family Part judge considered the fact that defendant had not consented to K.A.'s attendance at Monmouth in making his award. As noted previously, the judge did not require defendant to pay a proportionate share of K.A.'s attendance at Monmouth.

A-0306-19

Rather, the court limited defendant's contribution to the amount he would have paid if K.A. had attended a public institution with comparable costs. Moreover, the court ruled that in addition to her share of K.A.'s college costs, plaintiff "will be responsible for any difference in cost based on" K.A.'s choice to attend Monmouth rather than a public institution.

Finally, defendant contends the trial court erred by finding he has the ability to pay his share of K.A.'s college costs. In the April 11, 2019 written decision, the judge found that based on his reported annual gross income of $123,427 for 2017, defendant had the ability to pay his share of K.A.'s college costs at Monmouth "while maintaining his other financial obligations."

Defendant asserts that the record does not support the trial court's finding. He states that his net income is $5,820 per month, plus an additional $2,134 per month in rental income. He asserts that he must make monthly mortgage payments of $6,162 for his residence and the rental property. He contends that after payment of child support, he will be left with only $703 a month and he still has to pay other expenses, such as food, clothing, and transportation.

We are convinced, however, that there is sufficient credible evidence in the record to support the trial court's finding that defendant has the ability to pay his share of K.A.'s college costs and maintain his other financial obligations,

19

based on his reported gross income of $123,427 per year. Defendant's arguments on this issue lack sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Accordingly, we affirm the trial court's order regarding defendant's obligation to pay his proportionate share of K.A.'s college expenses. We reverse the court's order finding that the parties have a combined net income that exceeds $187,200, and remand the matter for reconsideration of the supplemental child support award of $30 per week for the two younger children, and the supplemental award of $40 for K.A.

Affirmed in part, reversed in part, and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0306-19