**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4182-19

SHARIL A. CLARKE,

    Plaintiff-Appellant,

v.

WAYNE R. CLARKE,

    Defendant-Respondent.

_____

Submitted November 1, 2021 – Decided November 30, 2021

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0830-08.

Sharil A. Clarke, appellant pro se.

Wayne R. Clarke, respondent pro se.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Sharil A. Clarke appeals pro se from paragraphs one and two of the June 5, 2020 Family Part

order, denying her motion to compel defendant Wayne R. Clarke to contribute to their son's private school tuition. Because the motion judge failed to address plaintiff's claim under the governing law and consider plaintiff's alternative request for an increase in child support, we reverse and remand for further proceedings.

I.

The parties married in 2000. One child, a son, was born of the marriage in October 2005. Plaintiff filed for divorce in 2007. During the divorce proceedings, the parties initially agreed to joint custody.

Following a bench trial, plaintiff was designated the parent of primary residence (PPR), as reflected in the November 11, 2009 final judgment of custody (FJOC). Paragraph eight of the FJOC gave plaintiff "the ultimate choice of [son's] schools."

Pertinent to this appeal, under paragraph sixteen of the June 29, 2010 dual judgment of divorce (DJOD), defendant was ordered to pay sixty percent of son's day care expenses, with plaintiff to pay the remaining forty percent. This allocation mirrored the trial judge's accompanying written decision, which established defendant's share of child support at sixty percent. Specifically, the judge set defendant's weekly child support obligation at $390, i.e., sixty percent

of $650, which the judge deemed necessary for son's support at the time the DJOD was entered.

As to future support, the judge elaborated:

> The court has set this amount recognizing that [son] is a small child and his needs are somewhat limited. The court also believes this figure should be reviewed in four years when he will have entered elementary school, alimony will have ceased and his needs will, in all probability, change. . . .
>
> While both parties spoke of sending the child to private school in the future, the court will not make any decision as to whether both must contribute [to] this expense. A determination of the need for private school and the allocation of the expense thereof will have to await the event.
>
> [(Emphasis added).]

For ten years, defendant contributed sixty percent of son's private preschool, kindergarten, elementary school, and middle school expenses. According to plaintiff, after son's March 2019 acceptance to a private preparatory high school (prep school), defendant stated "he had no intention of paying his [sixty-percent] share." Plaintiff also claimed defendant paid less than his portion of their son's tuition and refused to pay "certain tuition-related expenses."

A-4182-19

Accordingly in April 2020, plaintiff moved, in relevant part, to compel enforcement of paragraph sixteen of the DJOD. In doing so, plaintiff sought: reimbursement for defendant's share of their son's prep school tuition and related expenses for the 2017-18 and 2019-20 academic years; and an order requiring defendant to pay sixty percent of their son's high school and college expenses until emancipation. Alternatively, plaintiff requested an increase in child support as compensation for defendant's portion of their son's prep school expenses.

The motion judge, who was not the trial judge, denied plaintiff's motion as unsupported by the terms of the DJOD. Noting paragraph sixteen only "applies to day care expenses" and "does not apply to a high school," the judge denied plaintiff's request for reimbursement. The judge further determined plaintiff's request for contribution for college expenses was premature. Refusing to "mak[e] the agreement better for either party," the judge concluded: "The parties are bound by the agreement that they signed, and the order is complete, and the [DJOD] is completely silent on private high school. It's, quite frankly, silent on college as well." This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

A-4182-19

POINT I

THE TRIAL COURT ERRED BY FAILING TO ORDER AN INCREASE IN CHILD SUPPORT PAYMENTS AS AN ALTERNATIVE TO REIMBURSING PLAINTIFF FOR MIDDLE SCHOOL AND HIGH SCHOOL EXPENSES PAID BY PLAINTIFF.

POINT II

THE LOWER COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONSIDER THE FACTORS RELEVANT IN DETERMINING A PARENT'S RESPONSIBILITY FOR PRIVATE SCHOOL EXPENSES.
(Not raised below)

II.

We afford special deference to the family court's "special jurisdiction and expertise" when reviewing findings of fact. Cesare v. Cesare, 154 N.J. 394, 413 (1998); see also Clark v. Clark, 429 N.J. Super. 61, 70 (App. Div. 2012). However, that deference is tempered where there is no plenary hearing, and thus no opportunity for the motion court to hear live testimony. See N.J. Div. of Youth & Fam. Servs. v. G.M., 198 N.J. 382, 396 (2009) ("[W]hen no hearing takes place, no evidence is admitted, and no findings of fact are made, . . . appellate courts need not afford deference to the conclusions of the trial court."). We also review legal decisions de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

5

Contribution towards private schooling is an aspect of child support, which is governed by N.J.S.A. 2A:34-23(a). The amount of child support requires consideration, among other factors, of the "[n]eed and capacity of the child support for education[.]" N.J.S.A. 2A:34-23(a)(5). As with any family court matter, the overriding consideration of a child support obligation is the best interests of the child. Colca v. Anson, 413 N.J. Super. 405, 414 (App. Div. 2010).

Generally, the party seeking modification of child support bears the burden of proof and must show changed circumstances. Miller v. Miller, 160 N.J. 408, 420 (1999). There is no "bright[-]line rule by which to measure when a changed circumstance has endured long enough to warrant a modification of a support obligation." Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). Rather, Family Part judges, in their discretion and experience, review such matters in view of the totality of the circumstances. Ibid.

When considering whether a non-custodial parent can be required to contribute to a child's private school education costs, the trial court should

consider the factors articulated in <u>Hoefers v. Jones</u>, 288 N.J. Super. 590, 611-12 (Ch. Div. 1994).[1]

In the present matter, plaintiff sought relief under the "spirit of the [DJOD]." Plaintiff did not argue the <u>Hoefers</u> factors and the motion judge did not consider them. The judge concluded that because the DJOD obligated defendant to contribute only to day care expenses, plaintiff's request was precluded. However, the lack of an express obligation does not prevent the court from considering a motion for private school contribution, and "[i]n the absence of specific language in the <u>agreement</u>, we will not infer any such limitation."

---

[1] These factors are: (1) the ability of the secondary caretaker to pay; (2) the "[p]ast attendance of one or both parents at that or a similar private school"; (3) "[w]hether [the] children were attending private school pre[-] or post[-]divorce"; (4) the prior arrangement of the secondary caretaker to pay for private school; (5) the religious background of the parties and the child; (6) whether the special educational, psychological, or special needs of the child are met by the private school; (7) whether it is "in the child's best interest to attend, or to continue to attend, private school"; (8) whether a court order or an agreement of the parties grants the right of school choice upon the primary caretaker; (9) whether the action of the primary caretaker to enroll the child was reasonable under the circumstances; (10) whether private school tuition is permitted or authorized under the law; (11) the child's ability to respond and prosper from such an educational experience; (12) the secondary caretaker's involvement in the child's education; (13) the degree of the primary caretaker's involvement in the child's education; and (14) whether the primary caretaker's views and desires are "consistent with past practices regarding private school education." <u>Hoefers</u>, 288 N.J. Super. at 611-12.

Finger v. Zenn, 335 N.J. Super. 438, 444 (App. Div. 2000) (emphasis added). No such agreement regarding private schooling exists here.

Rather, the DJOD was entered following a contested trial; the judgment does not incorporate a marital settlement agreement. Indeed, the trial judge's decision specifically left open the issue of future private school expenses; the parties did not agree otherwise. Moreover, the trial judge expressly noted son's "limited" needs at the time the judgment was entered, suggesting the child support award "should be reviewed in four years." See Miller, 160 N.J. at 420 (recognizing a child's maturation and increased needs "may result in a modification of support").

We therefore reverse, remand, and direct the motion judge to consider whether defendant should contribute to private school expenses in light of the Hoefers factors. We also instruct the judge to determine whether changed circumstances exist warranting modification of child support and, if so, to require the parties to submit current case information statements for the court's use in crafting an appropriate award. In remanding this matter, we do not suggest a preferred disposition.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4182-19