WARREN HERBERT

*v.*

HENRY S. ALVORD and MARY HERBERT.

[Submitted March 31st, 1909. Decided April 7th, 1909.]

1. The rule that where one purchases property and pays the consideration, and the legal title is taken in the name of another, a trust results in favor of the person who paid the consideration, does not apply where the consideration is paid by a husband and the conveyance is made to the wife, when it will be presumed that a settlement or advancement, and not a trust, was intended.

2. Where property conveyed to a wife was paid for by her husband, proof to overcome the presumption that a settlement or an advancement was intended, except as to acts or declarations of the party to be charged, must be of facts antecedent to or contemporaneous with the purchase or so immediately thereafter as to form a part of the *res gestæ*, and must be so convincing as to leave no reasonable doubt of the intention of the party.

3. Evidence of a conversation between a husband and his solicitor in the wife's absence that, in case a conveyance of land purchased by the husband was made to the wife, she could not sell it without the husband's signature, and could never drive the husband from the home, whereupon he agreed that a conveyance should be made to the wife, was inadmissible to establish the husband's intent that the conveyance should not operate as a settlement.

4. Where, at the time a husband purchased certain property which he caused to be conveyed to his wife, they were living happily, and there was no reason to suppose that his earning capacity would not continue, and even increase, evidence that the property represented all the husband's savings during his entire married life, except his household goods, was insufficient to rebut the presumption that the conveyance was a settlement on the theory that it amounted to an unreasonable provision for the wife.

On final hearing on bill to impress a trust on real estate.

*Mr. Albert R. McAllister* and *Mr. Walter H. Bacon,* for the complainant.

*Mr. Henry S. Alvord,* for the defendants.

LEAMING, V. C.

Complainant and defendant Mary Herbert are husband and wife. While living together as such certain real estate was purchased and paid for by complainant, and by his direction the deeds of conveyance therefor were made to her. They have since separated, but complainant still remains in occupancy of one of the properties so conveyed. The wife made a lease of the property in question to defendant Alvord, and the latter brought an action at law to dispossess complainant. The present bill was filed by complainant to procure an injunction against the pending action at law and to procure a decree to the effect that the property is held by the wife in trust for complainant. As the lease has now expired no relief can be granted against it, but it will be necessary to consider that part of the controversy which relates to the equitable title claimed by complainant.

Where one purchases property and pays the consideration therefor, and the conveyance of the legal title is taken in the name of a stranger, a trust will be presumed to have arisen in virtue of the transaction in favor of the person who has paid the consideration. This principle results from the equitable theory that the consideration draws to it the beneficial ownership. Where, however, the conveyance is not made to a stranger, but is made to a person whom the purchaser is under a legal obligation to maintain, such as a wife or child of the person who pays the price, the good consideration of blood or love and affection will support the conveyance, and no resulting trust will arise from the payment of the consideration. In such cases the presumption is that a settlement or advancement was intended. See *3 Pom. Eq. Jur.* §§ *981, 1039.* But these presumptions may be overcome by evidence disclosing a contrary intention. Repeated adjudications in this state have defined the principles already stated and have also defined the proofs necessary to overthrow a presumed or resulting trust or to rebut the presumption of a gift or settlement in the case of a child or wife. The proofs, except as to acts or declarations of the party to be charged, must be of facts antecedent to or contemporaneous with the purchase, or so immediately afterwards as to form a part of the

*res gestae.* The proofs must also be convincing and leave no reasonable doubt as to the intention of the party. *Peer* v. *Peer,* 11 N. J. Eq. (3 Stock.) 432, 439; Persons v. Persons, 25 N. J. Eq. (10 C. E. Gr.) 250, 260; Linker v. Linker, 32 N. J. Eq. (5 Stew.) 174, 177; Lister v. Lister, 35 N. J. Eq. (8 Stew.) 49, 56; S. C., 37 N. J. Eq. (10 Stew.) 331; Read v. Huff, 40 N. J. Eq. (13 Stew.) 229, 233, 234; Duvale v. Duvale, 56 N. J. Eq. (11 Dick.) 375, 382.

In the present case I think it clear that the proofs offered in behalf of complainant are insufficient to rebut the presumption arising from the conveyances. Complainant testified that during the period between the date of the contract for the purchase of the first property and the time when the deed for that property was made his wife was angry because the contract of purchase was not in her name and that she was also dissatisfied with the locality in which the property was situated, but that no agreement of any kind existed between him and his wife touching the conveyance in question. The wife also testified that no agreement existed between them touching the properties, and that complainant said to her: "I will sign them over to you so that anything—if I ever do anything that it cannot be taken away from you, and it will go to you and the daughter." Complainant's proofs, therefore, wholly failed to support the averment of the bill to the effect that an agreement was made between him and his wife touching the effect which should be given to the deed in question. Complainant also testified that the reason he caused the titles to be placed in the name of his wife was as follows:

"First I was going to put it in my daughter's name, and the lawyer told me I couldn't do it, she was too young, and he says, put it in your name. No, I says, I won't do that. He says to—I will tell you, if you put it in your wife's name, he says, she can't never sell it without you put your name to it, and she can't never drive you out of your home or anything whatever will happen, and I says, all right, I says, put it in the wife's name."

The conversation here narrated did not occur in the presence of the wife and could not bind her on any theory of acquiescence,

and I think it also incompetent as tending to establish the intention of complainant; but, accepting this testimony as competent, I am unable to give to it a force sufficient to rebut the presumption arising from the conveyances. Indeed, I am quite unable to believe that the possibility of the wife ever attempting to drive complainant from the property was either under discussion or contemplation.

It appears, however, that the property conveyed to the wife represented all of complainant's savings during his entire married life, except, perhaps, his household goods. The question therefore arises whether that fact may not rebut the presumption of a settlement on the theory that it would be deemed an unreasonable provision for the wife. In support of this view my attention is directed to the language used in the opinion of our court of errors and appeals in *Fretz* v. *Roth, 70 N. J. Eq. (4 Robb.)* 764 (at *p. 768*). The opinion referred to quotes a portion of section 1374 of *2 Story's Eq. Jur.,* to the effect that if a husband conveys all of his estate to his wife the deed will not be enforced in equity, because it could in no just sense be deemed a reasonable provision for her. The section there quoted from *Story's Equity Jurisprudence* is a section treating of instances in which a court of equity may sustain deeds which are void at law by reason of the legal disability of a husband and wife to contract with each other, and refers to conveyances made directly from a husband to a wife. The case of *Beard* v. *Beard, 3 Atk. 72,* referred to by the learned author in support of the text, was such a case. Although a court of equity may enforce a deed from a husband to his wife which is void at law because of the legal unity of the parties, and may possibly refuse to enforce such a deed as a settlement when it appears that the deed conveys all of the husband's property, I am not prepared to hold that a conveyance to the wife from a third person, based on a pecuniary consideration moving from the husband to the third person and on a good consideration moving from the husband to the wife, and hence valid at law on its face, will be set aside by a court of equity because it appears that the pecuniary consideration moving from the husband to the third person included all or nearly

all of the property of the husband. The preceding portion of the opinion of the court of errors and appeals in *Fretz* v. *Roth* adopts the general view that a legal conveyance supported by a consideration of love and affection will stand on its own inherent strength if made voluntarily and with a full understanding of its effect. When these conditions exist the improvidence of the gift is of little, if any, importance, for, as there stated, the law permits anyone to dispose of his property gratuitously, if he pleases, provided the rights of creditors are not injuriously affected thereby. While a transfer through an intermediary from a husband to his wife of all of his property may appear unreasonable, and may logically operate in a measure to rebut the presumption of a settlement, when it still appears that a gift was in fact intended, I can see no grounds upon which such a conveyance can be relieved against at the instance of the husband, in the absence of any proof of incapacity, fraud or undue influence. In the present case the property conveyed represented the savings from the husband's wages during a period of years, but at the time the conveyances were made complainant was still employed in the same position he had occupied during the years that the savings had accumulated and was in the prime of life and in perfect health. At that time good reasons existed for him to anticipate that his savings would continue and even increase, and no reason existed for him to anticipate the domestic troubles which later arose. In that view it may be said that the possibility of his wife excluding him from the enjoyment of the property conveyed may never have occurred to him, but as the entire evidence satisfies me that the conveyances in question were at the time intended by him as gifts to his wife, I am unable to discover any grounds upon which this court can properly relieve against their operation to the full extent of their terms.

I will advise a decree dismissing the bill.